Action under the Boiler Inspection Act and under the Federal Employers' Liability Act by Sam V. Allen against the Atlantic Coast Line Railroad Company, a corporation. To review an order granting a subpoena duces tecum requiring defendant's general superintendent to bring in all written statements made by employees of defendant, and any other persons relating to the occasion on which the plaintiff was injured, the defendant brings certiorari.
Writ of certiorari issued and order quashed.
Sam V. Allen sued the Atlantic Coast Line Railroad Company in two counts. The first was under the Boiler Inspection Act, Title 45 U.S.C.A. § 23, "Railroads"; the second was for negligence under the Federal Employers' Liability Act, Title 45 U.S.C.A. § 51, "Railroads".
Before a plea of demurrer was filed, by virtue of Section 91.30, Fla. Stat. 1941, F.S.A., and according to Federal Rules of Civil Procedure, rule 45, 28 U.S.C.A., Allen proceeded to take the deposition of J.R. Walker, General Superintendent, Southern Division, Atlantic Coast Line Railroad Company, for discovery. A subpoena duces tecum called for the witness Walker to bring in "All written statements made by the employees of the defendant and any other persons relating to the occasion on which the plaintiff, Sam V. Allen, was injured in the Atlantic Coast Line Railroad *Page 116 
Company yard in Dunnellon, Florida, on or about May 19, 1946."
By a motion to quash, defendant promptly attacked the subpoena as unreasonable. The Circuit Court upheld the subpoena and the railroad has petitioned for a writ of certiorari. While no objection is made to the propriety of the remedy, we recognize that this is one of the few cases coming within our opinion in Kilgore v. Bird, 149 Fla. 570, 6 So.2d 541. The lower court was of the opinion that the immunity granted in Hickman v. Taylor,329 U.S. 495, 67 S.Ct. 385, 393, 91 L.Ed. 451, was limited to statements made to attorneys in the case. As we interpret the case of Hickman v. Taylor supra, the question of immunity, as well as the question of relevancy, was discarded and the decision was planted upon the proposition of public policy. That which was asked was not only beyond the discovery rule but exceeded what might be the subject matter of discovery. In Hickman v. Taylor, supra, the Court said:
"* * * In our opinion, neither Rule 26 nor any other rule dealing with discovery contemplates production under such circumstances. That is not because the subject matter is privileged or irrelevant, as those concepts are used in these rules. Here is simply an attempt, without purported necessity or justification, to secure written statements, private memoranda and personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties. As such, it falls outside the arena of discovery and contravenes the public policy underlying the orderly prosecution and defense of legal claims. * * *"
Little can be added to what was said in the Court's opinion in the Hickman case and in the concurring opinion of Mr. Justice Jackson. We are aware of some factual differences, such as — there discovery was sought from an attorney of record, and, too, he was asked for certain oral information. We do not feel that those differences lead to a different conclusion. The fact remains that the subject matter of this discovery is the work product of the adverse party and it matters not whether the product is the creature of the party, his agent or his attorney.
Numerous cases in various shades pro and con can be found in the inferior Federal Courts. We shall not refer to those at length because in our opinion the Hickman case, supra, as well as our own opinion, leads us to hold this subpoena unreasonable. In the case of Thiel v. Southern Pacific Co., D.C., 6 F.R.D. 219, we find the following:
"* * * Moore's Federal Practice, 1944 Supplement, page 264, to authority for this statement; `Nevertheless, as in the case of depositions under Rule 26, there is a growing tendency to prevent any inquiry into matters obtained by the adverse party in the preparation of his action or defense.' * * *"
For the reasons stated, the writ of certiorari will issue and the order in question is quashed.
So ordered.
THOMAS, BARNS and HOBSON, JJ., concur.