46 So.2d 390 (1950)
MIAMI TRANSIT CO.
v.
HURNS.
Supreme Court of Florida, Division A.
May 16, 1950.
Rehearing Denied June 6, 1950.
*391 Dixon, DeJarnette & Bradford, H. Reid DeJarnette and Reginald L. Williams, Miami, for petitioner.
Milton M. Ferrell, Miami, for respondent.
TERRELL, Justice.
Petitioner was the defendant and respondent was plaintiff in the lower court. Plaintiff brought a common-law action against defendant to recover damages for personal injuries resulting from the collision of his automobile with defendant's bus. To the declaration there was a plea of not guilty and contributory negligence. At this juncture the plaintiff filed a petition for discovery under Rule 27, Common Law Rules, in response to which the trial court required defendant to produce certain statements obtained from passengers on the bus at the time of the collision, including any statements or reports from agents, officers or employees that have come into the hands of defendant since the accident. It also required the names and addresses of any witnesses to the accident, including the names of all passengers riding on the bus at the time of the accident.
Pending an application for common-law writ of certiorari to this Court, supersedeas was granted petitioner, conditioned upon the posting of a bond in the sum of $1,000.00 to pay all costs, damages and expenses including reasonable attorneys fees in event the order for which review is sought is not quashed, modified or reversed.
It appears that the plaintiff was hospitalized in an unconscious condition and was very ill for months as a result of the accident. This suit was not brought for almost two years because of such illness. During plaintiff's illness defendant, as part of its investigation of the accident in preparation for its defense to this or any other action, took statements of witnesses, including its officers, agents and employees. The purpose of the petition for discovery was to secure copies or photographs of such statements. The real question for determination is whether or not defendant can be coerced to furnish them or surrender the originals for this purpose.
The respondent contends that these statements were secured before suit was instituted while plaintiff was ill and unconscious from the accident, and prior to any defense preparation, and that they were taken at a time when the circumstances were fresh in the minds of the witnesses, that they should now be made available to the plaintiff.
We do not hold that circumstances might not arise under which data and material secured by adversary counsel in the manner shown would under all circumstances be withheld from opposing counsel in response to petition for discovery. In Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, the Supreme Court pointed out instances in which it might be secured, such as (1) when witnesses are no longer available or can be reached only by great difficulty, (2) if it gives clues to relevant facts that cannot be secured otherwise, or (3) for purposes of impeachment, but no such showing is revealed here and certainly no rule of discovery was ever purposed to invade or secure insight into what an attorney had secured in preparation for the trial of his cause. Not only was this rule approved in Hickman v. Taylor, but it was followed by this Court in Atlantic Coast Line Ry. Co. v. Allen, Fla., 40 So.2d 115, on which petitioner relies for reversal.
On careful consideration of the record we are convinced that the case at bar is ruled by the last-cited case, so writ of certiorari is granted and the judgment is quashed. That part of the supersedeas bond securing attorneys' fees was improper and the order granting it is reversed.
It is so ordered.
ADAMS, C.J., and THOMAS and ROBERTS, JJ., concur.