61 So.2d 426 (1952)
SEABOARD AIR LINE R. CO.
v.
TIMMONS.
Supreme Court of Florida, Special Division A.
November 14, 1952.
*427 Charles R. Scott, William L. Durden and Fleming, Jones, Scott & Botts, Jacksonville, for petitioner.
Bedell & Bedell, Jacksonville, for respondent.
ROBERTS, Justice.
Plaintiff-respondent brought an action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., to recover for personal injuries alleged to have been sustained by reason of the defendant-petitioner's failure to furnish plaintiff with a safe place to work and suitable tools and appliances. The defendant pleaded in defense of the plaintiff's claim a release executed by the plaintiff, in reply to which the plaintiff raised the issues of fraud, undue influence, misrepresentation and inadequacy of consideration in connection with the obtaining of the release from the plaintiff.
Plaintiff took the deposition of the defendant's claim agent, and then filed a motion for an order requiring defendant to produce the following documents: (1) preliminary report of accident made by superintendent or department head to higher authority on or about May 26, 1951; (2) all reports, memoranda, and letters by Claim Agent E.H. Henson to higher authority with respect to plaintiff's injury and settlement of plaintiff's claim; (3) all correspondence and memoranda received by Claim Agent E.H. Henson from higher authority including but not limited to the correspondence authorizing Claim Agent E.H. Henson to settle plaintiff's claim for $850; (4) any and all letters, correspondence and memoranda upon which Claim Agent E.H. Henson based his statement to plaintiff that plaintiff's claim "was not a case of legal liability as far as we were concerned;" and (5) all medical reports received by the defendant with respect to plaintiff's injuries. The motion stated that "The defendant has the possession, custody or control of the foregoing documents. Such documents contain or may contain evidence relevant and material to the matter involved in this action. Reference to all of the foregoing documents except such documents as may be included under paragraph 4 were referred to by Claim Agent E.H. Henson in his deposition taken in the above styled cause on April 26, 1952." The motion was granted, and an order requiring the production of all such documents was entered, except that the defendant was not required to produce any statements made by witnesses of the accident. The defendant seeks a review of such order by petition for writ of certiorari. The propriety of this remedy to review such an order is well settled. Kilgore v. Bird, 149 Fla. 570, 6 So.2d 541, and Atlantic Coast Line R. Co. v. Allen, Fla., 40 So.2d 115.
Rule 27 of the Florida Common Law Rules, 30 F.S.A., provides that "Upon motion of any party showing good cause therefor * * * the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 20(b) and which are in his possession, custody, or control; * * *." Under Rule 20(b), "the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action".
Since the decisions of this court in Atlantic Coast Line R. Co. v. Allen, supra, Miami Transit Co. v. Hurns, Fla., 46 So.2d 390, and Lang v. Harris, Fla., 54 So.2d 120, it is settled that a party is not entitled, as of right, under Rule 27, or any other rule, to inspect the statements, memoranda, and other documents constituting the "work product" of the opposing party as to the matter which is the subject of the litigation, *428 such as (1) written statements of witnesses relating to the occasion on which the injury occurred; (2) statements or reports from agents, officers or employees of the defendant company relating to the accident; and (3) records, investigation sheets, memoranda, and photographs, relating to the accident, including any and all information, investigation sheets, etc., received by the defendant's attorneys from investigators and adjusters. Lang v. Harris, supra.
It is apparent that most of the documents included in the order in the instant case are not ordinarily the proper subject of discovery, under the authority of the above-cited decisions. Moreover, the "higher authority" referred to in paragraphs (2) and (3) of plaintiff's motion appears to be the defendant's attorney, so that the documents refered to in such paragraphs would be privileged and thus not within the purview of the Rule. And while the "work product" of a party may, under unusual circumstances, be required to be produced for inspection by the opposing party, see Miami Transit Co. v. Hurns, supra, no such showing has been here made. There was only a naked, general demand on the ground that "such documents contain or may contain evidence relevant and material to the matter involved in this action." This is insufficient to justify an exception to the rule as to the "work product" of a party. See, in addition to the Florida cases cited above, Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 393, 91 L.Ed. 451; Safeway Stores, Inc., v. Reynolds, 85 U.S. App.D.C. 194, 176 F.2d 476. It is not even a sufficient allegation as to the relevancy of the documents sought to be inspected. See Strauss v. Superior Court in and for Los Angeles County, Cal. App., 217 P.2d 54; Eilen v. Tappin's, Inc., 14 N.J. Super. 162, 81 A.2d 500.
The plaintiff-respondent has suggested that, even if some of the documents sought to be inspected are communications between the defendant and its attorney and thus "privileged," no privilege attaches to communications between a client and attorney made before or during the perpetration of a fraud. But it should be noted that it is not claimed that the attorney participated in a fraudulent scheme to secure the release from the plaintiff, nor that the defendant's claim agent sought the advice of the attorney with the intention of perpetrating a fraud on the plaintiff. It is alleged only that the defendant's claim agent falsely represented to the plaintiff that plaintiff's claim "was not a case of legal liability as far as we were concerned." Even if the plaintiff has stated facts sufficient to justify setting aside the release, which question is not before us, he has not stated sufficient facts to justify drawing aside the veil of secrecy surrounding an attorney's legal advice to his clients. The plaintiff's sole reason for requesting the confidential communications between the defendant and its attorney is that "Such documents contain or may contain evidence relevant and material to the matter involved in this action." The confidential relationship of attorney and client is a sacred one, and one that is indispensable to the administration of justice. It cannot so lightly be brushed aside.
It was, therefore, error to enter the order here reviewed, and, accordingly, the writ is granted and the order quashed.
SEBRING, C.J., and THOMAS and DREW, JJ., concur.