97 So.2d 872 (1957)
CITY OF SARASOTA, Petitioner,
v.
Kate COLBERT, Respondent.
No. 100.
District Court of Appeal of Florida. Second District.
October 23, 1957.
*873 Worth Dexter, Jr., of Dexter, Conlee, & Bissell, Sarasota, for petitioner.
P.T. Paderewski of Rosin & Paderewski, Sarasota, for respondent.
PLEUS, Judge.
The matter is before us on a petition for a common law writ of certiorari.
Action was filed by respondent as plaintiff against petitioner as defendant seeking to recover on account of negligence causing an accident at a mobile home park operated and controlled by defendant. Answer was filed denying negligence and setting up contributory negligence of plaintiff.
Plaintiff then propounded to defendant a series of written interrogatories seeking to ascertain, inter alia, whether defendant has caused an investigation to be made of the accident; if so whether defendant's investigators made written reports to defendant; and if so to furnish copies of such reports to plaintiff.
Objections were duly filed, defendant contending primarily that plaintiff was seeking the "work product" of defendant.
The objections to the above mentioned interrogatories were overruled but the court in its order specifically exempted the defendant from furnishing plaintiff copies of investigator's reports "which are the work product of Defendant's counsel".
Having grave doubts as to exact meaning and extent of said order, defendant moved to clarify the same and as a result a clarifying order was entered limiting the work product to items obtained after a written claim notice had been served upon the defendant-city pursuant to the provisions of § 196 of the Charter of the City of Sarasota.[1]
*874 Our jurisdiction on common law certiorari is predicated upon prior decisions of the Supreme Court under which we hold that we do have such jurisdiction.[2]
The sole question is whether the court erred in limiting the "work product"[3] disclosure to items obtained only after the notice of claim had been filed; and thus requiring the defendant-city to disclose all such items obtained prior to the filing of such notice of claim.
We know of no reason for drawing such an arbitrary date line in a situation such as this. To do so would be to penalize the diligence of the city in promptly investigating a potential claim even though the notice of claim had not been filed with it. The fact that the charter provision above quoted makes it the duty upon receiving a notice of claim to investigate and lay the matter before the governing authority for action does not deprive the city of its right to investigate prior to formal notice of claim; and upon such investigation to then claim, within the definable area, as part of its work product the items obtained by such prompt investigation.
The purpose of the provision with reference to notifying a municipality is to give it an opportunity to investigate the matter, allow its governing body to determine the question of liability and, if desired or justified, to settle the matter and thus avoid litigation. Olivier v. City of St. Petersburg, Fla. 1953, 65 So.2d 71.
If sustained, the action of the court below would penalize the diligence of the municipality and allow a plaintiff to take advantage of plaintiff's own delay in filing the claim notice at the last moment with the investigation by the city having taken place in the meantime.
Nor do we have any doubt that a municipality can have a "work product" the same as any other litigant. See City of Lake Worth v. First National Bank in Palm Beach, Fla. 1957, 93 So.2d 49.
The petition for writ of certiorari is granted and the clarifying order is quashed with directions to the court below to enter its order on defendant's motion to clarify in accordance with the views herein expressed.
Petition for writ of certiorari granted.
KANNER, C.J., and ALLEN, J., concur.
NOTES
[1] Chapter 23529, Laws of Florida, Special Acts, 1945. Section 196 thereof reads as follows:

"No suit shall be maintained against the City for damages arising out of its failure to keep in proper condition any sidewalk, pavement, viaduct, bridge, street, waterworks, electric light plant, municipal docks and terminals, or other public place, neither shall any suit be maintained against the City arising out of any other tortious action or actions sounding in tort, unless it shall be made to appear that written notice of such damage was within thirty days after the receiving of the injury given to the City Attorney with such reasonable specifications as to time and place and witnesses as would enable the proper City officials to investigate the matter. It shall be the duty of the City Attorney, upon receiving such notice, to thus investigate the matter and lay the facts supported by the evidence before the City Commission in a written report, and the City Commission shall have the right to investigate the matter and it may make such reasonable settlement of any such damages as may be agreed upon by the City Commission."
[2] Kilgore v. Bird, 1942, 149 Fla. 570, 6 So.2d 541; Atlantic Coast Line R. Co. v. Allen, Fla. 1949, 40 So.2d 115.
[3] See Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1946); Atlantic Coast Line R. Co. v. Allen, footnote 2; Miami Transit Co. v. Hurns, Fla. 1950, 46 So.2d 390; Lang v. Harris, Fla. 1951, 54 So.2d 120; Seaboard Air Line R. Co. v. Timmons, Fla. 1952, 61 So.2d 426.