## JACKSONVILLE EXPRESSWAY AUTHORITY v. BENNETT, et al.

### No. 27153-L.

Circuit Court, Duval County.

May 6, 1959.

Jones & Foerster, Jacksonville, for petitioner.

Bedell & Bedell and Walter G. Arnold, all of Jacksonville, for defendants.

WILLIAM H. MANESS, Circuit Judge.

This cause is before the court upon the motion of counsel for the Expressway Authority to restrain the taking of the depositions of two of its expert real estate appraisers. The court has heard and considered the argument of counsel for the affected parties and has studied the authorities cited by counsel to support their position.

No Florida decision directly in point dealing with the question of the right of the adverse party to take pre-trial depositions of expert real estate appraisers in condemnation proceedings has been cited. However, the Supreme Court of Florida has followed and applied the principles of law enunciated by the Supreme Court of the United States in Hickman v. Taylor, 329 U. S. 495, 67 S. Ct. 385, 393, 91 L. Ed. 451, and, construing that opinion to be planted upon the proposition of "public policy", preserved a veil of secrecy surrounding an

attorney's services and communications in the representation of his client against the onslaught of a countervailing policy to liberalize the pre-trial discovery rules which are designed to expose to all sides of a controversy all material and relevant facts.

In Atlantic Coast Line v. Allen (Fla.), 40 So. 2d 115, the reasoning of Hickman v. Taylor, supra, was extended to afford protection to the "work product" of a party and his agents and employees, as well as his attorney.

Finally, in Seaboard Air Line R. Co. v. Timmons (Fla.), 61 So. 2d 426, the prevailing rule was clearly restated as follows—

"Since the decisions of this court in Atlantic Coast Line R. Co. v. Allen, supra, Miami Transit Co. v. Hurns, Fla., 46 So. 2d 390, and Lang v. Harris, Fla., 54 So. 2d 120, it is settled that a party is not entitled, as of right, under Rule 27, or any other rule, to inspect the statements, memoranda, and other documents constituting the 'work product' of the opposing party as to the matter which is the subject of the litigation, such as (1) written statements of witnesses relating to the occasion on which the injury occurred; (2) statements or reports from agents, officers or employees of the defendant company relating to the accident; and (3) records, investigation sheets, memoranda and photographs, relating to the accident, including any and all information, investigation sheets, etc., received by the defendant's attorneys from investigators and adjusters. Lang v. Harris, supra."

In the Timmons case, it was also said that "under unusual circumstances" an exception to the foregoing rule might be authorized in the discretion of the court. This court has consistently recognized the testimony of expert medical witnesses as being within the purview of the exception because of the very nature of medical science and the frequency and rapidity with which changes in a person's health or condition may take place. The death of a witness or a party may, under certain circumstances, justify an exception to the rule and there may be other exceptions.

However, in the case at bar, the sole question is whether pre-trial discovery depositions of expert real estate appraisers should be permitted under the 1954 Florida Rules of Civil Procedure, and this court holds that, under the circumstances of this case, the expert real estate appraisers who have been employed by counsel or their respective clients, either before or after the filing of this action, are protected from involuntary disclosures of anything relating to his or her appraisal and opinion, the report thereon, the theoretical basis

thereof, the investigation and findings of comparable sales and/or data or other information compiled for the purpose of negotiations for voluntary purchase or the giving of opinion testimony at trial. Outside the purview of this ruling, and not restricted hereby, is any inquiry which may be made as to physical facts observed, the fact of whether or not an appraisal was made by the witness and the date, time and number of visits made to the property in question and other testimony not included in the above restriction.

To the extent that this order restricts the scope of inquiry addressed to an expert real estate appraiser, this court relies for support upon the theory that the restricted matters are the "work product" of the party on whose behalf the expert was employed. Although this holding is supported by the majority rule discussed in volume 4 of Moore's Federal Practice, pages 1152 through 1159, this court considers it unnecessary to either accept or reject the reasoning there given on the question before this court because of the holding of our Supreme Court in the "work product" cases first above cited.

Accordingly, it is ordered and adjudged that petitioner's motion to restrain the taking of the depositions of J. Alvin Register, Jr. and Frank Fuss, is granted in part and denied in part, to the extent herein indicated, and the taking of any deposition of any expert real estate appraiser by any party herein hereafter shall be governed by this opinion and order.