118 So.2d 253 (1960)
Minerva GOLDSTEIN and Her Husband, Benjamin Goldstein, Petitioners,
v.
GREAT ATLANTIC & PACIFIC TEA COMPANY et al., Respondents.
No. 59-744.
District Court of Appeal of Florida. Third District.
March 3, 1960.
*254 Richard E. Thomas and Von Zamft & Kravitz and Sam Bloom, Miami, for petitioners.
Brown, Dean, Adams & Fischer and Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, for respondents.
CARROLL, CHAS., Judge.
Review of a discovery order in a common law negligence action is sought by a petition for certiorari. See Seaboard Air Line R. Co. v. Timmons, Fla. 1952, 61 So.2d 426.
A defendant took the discovery deposition of one G.D. Yanks, an investigator employed by the attorneys for plaintiffs. Yanks had taken certain photographs at the scene of the accident which were intended to be presented by the plaintiff at the trial. It was freely conceded by respondents that their purpose in taking Yanks' deposition was to inquire regarding his taking of the photographs; and also, by counsel for petitioners, that they had intended to use Yanks as a witness at the trial, with reference to the photographs if *255 his testimony should be needed incident thereto.
On advice of counsel for the plaintiffs, Yanks refused to answer certain questions asked him on his deposition which were objected to as calling for revelation of work products of the plaintiffs' counsel and their employed investigator. Certain of the questions which Yanks refused to answer dealt only with the matter of the photographs and were not objectionable, but certain other questions appear to have been subject to the objection made to them by plaintiffs' counsel. Yanks was asked whether he had brought with him "all records, photographs or other documents in any way relevant to the photographing of the scene" of the accident. That was objected to as it could include documents in the form of reports and communications relating to the accident and investigation of the accident, as well as to the actual photographing of the same. Yanks was asked to produce records that he had made of the photographing, which could include reports to the plaintiffs' attorneys. Also, he was asked generally, "Have you ever received any instructions in regard to that law suit?"
On motion of the defendant to compel answers, the court entered the order under review, which directed the witness to answer all questions which he had refused to answer in his deposition, and to answer "all further proper questions relating to the captioned law suit." The order also imposed penalty costs on the plaintiffs in the amount of $26.15, as a result of the refusal of the witness to answer.
The plaintiffs raised two points, first challenging the propriety of the order requiring the witness to answer such questions, and second, contending that the court erred in imposing the costs.
Petitioners' first contention is well founded, and requires that the discovery order be quashed and remanded for modification. Petitioners' second contention with respect to the costs is without merit, because those questions which the witness refused to answer which related to his photographing of the scene of the accident were proper and should have been answered. Therefore, under rule 1.31(a) of the 1954 Florida Rules of Civil Procedure, 30 F.S.A., it was proper for the court to require payment by plaintiffs of the reasonable expense resulting.
It appears clear, without the need for elaboration, that under the established law the plaintiffs' investigator employed by and assisting plaintiffs' counsel in the investigation and preparation of the case for trial could not properly be required to reveal the communications between himself and the plaintiffs or their counsel and notes of his investigation or reports to the attorneys regarding his investigation or the results of his investigation of the case. Except in certain unusual circumstances not applicable here, communications, memoranda and reports passing between the client and his attorneys and his or their employed investigators, relating to the accident, the investigation thereof and the preparation for the trial, representing the work product of the party through his attorneys and investigators, are not available to the opposing party on discovery. Atlantic Coast Line R. Co. v. Allen, Fla. 1949, 40 So.2d 115; Seaboard Air Line R. Co. v. Timmons, supra, Fla. 1952, 61 So.2d 426; City of Lake Worth v. First Nat. Bank in Palm Beach, Fla. 1957, 93 So.2d 49. Also, the portion of the order requiring the deponent to answer "all further proper questions relating to the captioned law suit," in its broad form, falls in the same category. In those respects, therefore, we hold that the order requiring answers by the deponent would require disclosure of work product, and to that extent the learned trial judge was in error.
The purpose of the deposition was to interrogate the witness in regard to his taking of photographs. The trial judge's order was not in error to the extent that it ordered the deponent to answer questions as to his taking of photographs, short of *256 requiring him to reveal communications or reports between himself and plaintiffs' attorneys as his employers relating to the circumstances of the accident or his investigation thereof.
Certiorari is granted and the cause remanded with directions to modify the said order relating to discovery, consistent with the foregoing opinion.
It is so ordered.
HORTON, C.J., and PEARSON, J., concur.