SHANNON, Chief Judge.
Defendant-petitioner seeks review of a discovery order in a common law action by petition for certiorari. That this remedy is proper to review such an order is well established. City of Sarasota v. Colbert, Fla.App.1957, 97 So.2d 872.
Action for damages was commenced below, the plaintiff alleging injuries sustained in a fall in defendant’s store. Defendant •answered denying negligence and alleging that the plaintiff’s contributory negligence proximat'ely caused her injury.
Plaintiff took the deposition of defendant’s store manager and by it ascertained that the latter had made a report of the accident to defendant’s Miami office. The following then transpired during the taking of the deposition:
“Q. Now, after this episode of Mrs. Belcher reporting this accident to you and her checking out of the store then, did you discuss this accident further after that with anyone else in the store ?
“A. With anyone in the store? Yes.
All right. Who ? 1Ó
Yes. >
Q. Who? Who was that?
“A. Lois Creekmore.
“Q. When was that?
“A. The same day.
“Q. What was the conversation 'with Lois?
“MR. HAINLINE: Did you talk with her to make up the report?
“THE WITNESS: Yes, to get her name and address for the report.
“MR. HAINLINE: All right. Don’t answer the question.”
On the motion of plaintiff to compel answers, the trial court entered the order presently under review, directing the deponent to answer the question. The language of the trial judge follows:
“Examining the deposition of Paul DiGisi taken on December 27, 1961, and specially pages 6, 7 and 8, it is noticed that deponent is the manager of the Defendant’s store premises and that he was asked as to the conversation concerning the accident with one, Lois Creekmore, an employee. It is the view of the Court that Plaintiff has a right to elicit this conversation as a *865 matter of discovery and that it is not privileged as a work product or otherwise. For example, the employee could have made an admission against interest, made a statement which might have been a part of the res gestae, or furnished information for impeachment purposes, among other things. In making his report of the accident, the deponent only gleaned from the conversation in question, Lois Creekmore’s name and address. Considering the fineness of the legal point involved and the justifications, the Court declines to award costs and fees.”
One question is presented by the petitioner and that is whether such discovery, extended to compel revelation of the conversation sought to be elicited from the deponent, violates the policy privilege protecting work product.
We note at the outset the statement of the deponent that the portions of his conversation with Lois Creekmore used in making up his report were her name and address.
In Atlantic Coast Line R. R. v. Allen, Fla.1949, 40 So.2d 115, plaintiff deposed defendant’s Superintendent and issued a subpoena duces tecum calling for the witness to bring in “[a] 11 written statements made by the employees of the defendant and any other persons relating to the occasion on which the plaintiff, Sam V. Allen, was injured in the Atlantic Coast Line Railroad Company Yard in Dunnellon, Florida, on or about May 19, 1946.” Defendant attacked the subpoena as unreasonable through a motion to quash but the trial court upheld the subpoena. Relying on Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, the Supreme Court granted certiorari and quashed the order, holding that the doctrine espoused in Hickman protects the work product of the adverse party, whether it be “the creature of the party, his agent or his attorney.”
Subsequently, in Seaboard Air Line R. R. v. Timmons, Fla.1952, 61 So.2d 426, wherein plaintiff deposed defendant’s claim agent and then filed motion for an order requiring defendant to produce certain documents including an accident report filed by an employee of the railroad and certain correspondence between employees of defendant, the Supreme Court stated:
“Since the decisions of this court in Atlantic Coast Line R. Co. v. Allen, supra, Miami Transit Co. v. Hums, Fla., 46 So.2d 390, and Lang v. Hands, Fla., 54 So.2d 120, it is settled that a party is not entitled, as of right, under Rule 27, or any other rule, to inspect the statements, memoranda, and other documents constituting the ‘work product’ of the opposing party as to the matter which is the subject of the litigation, such as (1) written statements of witnesses relating to the occasion on which the injury occurred; (2) statements or reports from agents, officers or employees of the defendant company relating to the accident; and (3) records, investigation sheets, memoranda, and photographs, relating to the accident, including any and all information, investigation sheets, etc., received by the defendant’s attorneys from investigators and adjusters. * * * ”
Both of the cases discussed were concerned with the attempt to secure by discovery from the adverse party written documents used by counsel in the preparation of his case. As was pointed out in Hickman v. Taylor, supra, such unjustified attempts to secure the materials used by the attorney for the other side in the course of his legal duties falls outside the area of discovery and contravenes public policy. This was the basis for decision in Miami Transit Co. v. Hums, Fla.1950, 46 So.2d 390, where the court said that “no rule of discovery was ever purposed to invade or secure insight into what an attorney had secured in preparation for the trial of his cause.”
*866 ■In Goldstein v. Great Atlantic & Pacific Tea Company, Fla.App.1960, 118 So.2d 253, the court set out the facts as follows:
“A defendant took the discovery deposition of one G. D. Yanks, an investigator employed by the attorneys for plaintiffs. Yanks had taken certain photographs at the scene of the accident which were intended to be presented by the plaintiff at the trial. It was freely conceded by respondents that their purpose in taking Yanks’ deposition was to inquire regarding his taking of the photographs; and also, by counsel for petitioners, that they had intended to use Yanks as a witness at the trial, with reference to the photographs if his testimony should be needed incident thereto.
“On advice of counsel for the plaintiffs, Yanks refused to answer certain questions asked him on his deposition which were objected to as calling for revelation of work products of the plaintiffs’ counsel and their employed investigator. Certain of the questions which Yanks refused to answer dealt only with the matter of the photographs and were not objectionable, but certain other questions appear to have been subject to the objection made to them by plaintiffs’ counsel. Yanks was asked whether he had brought with him ‘all records, photographs or other documents in any way relevant to the photographing of the scene’ of the accident. That was objected to as it could include documents in the form of reports and communications relating to the accident and investigation of the accident, as well as to the actual photographing of the same. Yanks was asked to produce records that he had made of the photographing, which could include reports to the plaintiffs’ attorneys. Also, he was asked generally, ‘Have you ever received any instructions in regard to that law suit?’ ”
The court went on to hold that the questions relating to the photographing of the scene of the accident should have been answered. As to the investigator’s communications with the plaintiffs or their counsel and notes of his investigation or reports to the attorneys, the court held these were not available to the opposing party on discovery. The court went on to hold that it was not error to order the deponent to answer questions as to his taking of photographs, “short of requiring him to reveal communications or reports between himself and plaintiffs’ attorneys as his employers relating to the circumstances of the accident or his investigation thereof.”
It is clear from the record in the instant case, as revealed in the portion of the deposition of petitioner’s store manager quoted above, that the conversation sought to be elicited by respondent’s attorney did not form a part of the report filed by deponent and, therefore, is not entitled to the protection accorded work product.
Certiorari denied.
KANNER and SMITH, JJ., concur.