PER CURIAM.
We are presented with a petition for writ of certiorari to be directed to the circuit court in a common-law action. The order for which review is sought is interlocutory and was entered pursuant to a motion for the production of documents. It should be noted that a petition seeking review of such an order will be granted only in exceptional circumstances when substantial rights of the petitioner will be lost by a delay of review until final judgment.
We have heard the petition and find that it presents a proper subject for review upon petition for certiorari. It affirmatively appears from the record that the order is a departure from the essential requirements of law and that the petitioners will not have a full and adequate remedy by appeal after final judgment. The order is as follows:
“THIS CAUSE having come on to be heard before me upon the motion of the Plaintiffs to produce any and all photographs, statements, reports, surveys, analysis data or any other data dealing with the condition of the motor vehicle operated by the Defendant, Kirk Robert Sandberg, at the time of the accident which is the subject matter of this litigation, or after the subject accident, or secured as a result of inspection, investigation, examination or analysis of said motor vehicle subsequent to the said collision, and the Court having considered the argument of counsel, authorities bearing upon the subject of exception to the Work Product Rule, and being otherwise fully apprised in the premises, is is
“ORDERED and ADJUDGED that the said motion be and the same is hereby granted as above specified. * * * ”
It is apparent that the order is so extensive that it violates the rule set forth in Seaboard Air Line R. Co. v. Timmons, Fla.1952, 61 So.2d 426. See also Goldstein v. Great Atlantic & Pacific Tea Company, Fla.App. 1960, 118 So.2d 253. The respondents urge, and the record is susceptible to the interpretation, that good cause was shown for the production of a portion of the materials which may be covered by the order. The motion to produce alleged:
“1. That the Defendants, their agents, servants, employees or attorneys have within their care, custody or control and *84 possession, reports, photographs, surveys, analysis data and other information not more specifically known to the Plaintiffs, dealing with the braking system of Defendants’ vehicle at the time of or immediately subsequent to the accident in question.
“2. That said information, reports, photographs, and analysis data are within the sole possession of the Defendants, their agents, servants, employees or attorneys, and is the only such data in existence.
“3. That the data contained within the said documents has been compiled as a result of physical examination, testing and/or inspection of the motor vehicle operated by the Defendant, Kirk Robert Sandberg, at the time of the accident which is the subject matter of this lawsuit, and that said automobile is no longer in existence, or is no longer in the condition that it was at the time of said impact, inspection, examination or testing.
“4. That the Plaintiffs have no other means of determining the condition of the braking system of the Defendants’ vehicle except for the production of the above-mentioned documents, since the condition that was examined, tested or inspected has changed to such an appreciable degree that the information sought cannot be secured by any other means.
“5. That said documents are material and relevant to the issues involved in this lawsuit, dealing with the manner in which the collision complained of occurred and the defenses set forth by the Defendants.”
It further appears from the record that, in defense to this action for negligence in the operation of a motor vehicle, the defendant, Sandberg, has affirmatively pleaded that the collision was caused by a mechanical failure of the brakes of his automobile, and that he was without knowledge or warning of the defective condition of the braking system.
It may well he that, under the rule set forth in Pierson v. Seale, Fla.App.1961, 128 So.2d 887, and Ford Motor Company v. Havee, Fla.App.1960, 123 So.2d 572, respondents have shown good cause for the production of the photographs and some of the other documents mentioned in their motion. These opinions and others cited by the respondents set forth certain exceptions to the general rule recognized in Seaboard Air Line R. Co. v. Timmons, supra. Such a determination should be made in the trial court rather than by this court on petition for certiorari. Moreover, in order to be entitled to production of documents and things as sought in the motion, other than the photographs, the party moving for their production would need to set them forth with specificity and make a sufficient showing that they come within the exception urged.
The petition is therefore granted and the order quashed.