DADE COUNTY v. MURGUIA, et al.
No. 66-L-3345.
Circuit Court, Dade County.
November 18, 1966.

Thomas C. Britton, County Attorney, James J. Kenny, Assistant County Attorney, for plaintiff.

Leon D. Black, Jr., of Kelly, Paige, Black & Black, for defendants.

HENRY L. BALABAN, Circuit Judge.

*Order denying petitioner's motions to produce:* This cause came on to be heard upon the petitioner's motions to produce federal income tax returns and appraisal reports as to parcel #11 in the above-styled cause. After an extensive hearing in this cause, at which time the court heard argument of counsel, the court reserved ruling.

After further consideration and the court being fully advised in the premises, it is considered, ordered and adjudged that the motion to produce federal income tax returns of the defendants in connection with parcel #11 is denied.

The court is of the opinion that the motion of the petitioner Dade County is insufficient, and that the petitioner has failed to make a showing of good cause in connection with said motion. The property sought to be condemned in parcel #11 is an apartment building. The pleadings reveal that there is no independent claim for loss of earnings or business damage. To the extent that the income from the building is relevant, it may be obtained from other sources and may be established in other ways. The income tax returns sought to be produced contain information showing income from personal services and other sources and would, therefore, contain information which could have no relevance to this cause.

The court believes that the better rule is set forth in the annotation at 70 A.L.R.2d 256, *"Rule Where Facts Can Be Established In Other Ways,"* as follows — "In this connection it should be noted that some income tax returns will contain matters which are not relevant to the claim or defense, and, because of the confidential nature of tax returns, the courts are reluctant to

require a disclosure of matters which are not relevant where the relevant matters may be established in other ways."

It is further considered, ordered and adjudged that the petitioner's motion to produce the appraisal reports of the defendants is denied.

At the hearing it appeared that the defendants have not as yet received any such appraisal reports and, therefore, do not have any in their possession which could be produced. However, since the motion to produce is worded so as to apply to reports which may be obtained in the future, the court will decide this issue on the merits.

The court believes that the information sought would be the work product of the defendants and their attorneys, and is therefore immune from discovery procedures. See Atlantic Coastline Railroad Company v. Allen, Fla., 40 So.2d 115; Miami Transit Company v. Hurns, Fla. 46 So.2d 390; McGee v. Cohen, Fla., 57 So.2d 658; Seaboard Airline Railway Company v. Timmons, Fla., 61 So.2d 426; 10 Fla. Jur., Discovery, etc., §6; and 7 Fla. Law and Practice, Depositions and Discovery, §25.

The exception to the work product rule which the Supreme Court made in connection with the appraisal reports of the petitioner in Shell v. State Road Department (Fla., 1961), 135 So.2d 857, would not apply in this situation. In that case the high court definitely recognized the difference between the relative position of the petitioner, a governmental agency, and the defendants. In addition, a defendant's files are not subject to inspection by the public generally at all reasonable hours, as are those of a governmental authority.

The court is of the opinion that there has been no sufficient showing of good cause for the production of the appraisal reports and that the motion is, therefore, insufficient in this regard.