**GREER, et ux v. KEENE, et ux.**
No. 163018.

Circuit Court, Hillsborough County.

October 23, 1968.

Tony Cunningham of Wagner, Cunningham & Vaughn, Tampa, for plaintiffs.

William T. Keen of Shackleford, Farrior, Stallings & Evans, Tampa, for defendants.

ROBERT W. PATTON, Circuit Judge.

On August 20, 1968 the plaintiffs filed in the above entitled cause a motion to produce which, among other things, requested the production of the following —

> Each and every, or any document comprising an accident report made in the normal course of business by an employee, agent, or servant of the defendants concerning this accident,

and on September 6, 1968 a hearing was set before this court upon said motion to produce. Although the motion requested the production of other information, the only question raised before the court at the hearing was that portion of the motion quoted above. At the conclusion of the hearing each of the attorneys requested leave to file memorandums going to the question before the court and the memorandum of the defendants was received on September 10, 1968 and that of the plaintiffs was received on October 2, 1968. Both of these memorandums have now been filed in this cause.

The defendants contend that they should not be required to produce any accident reports made in the ordinary course of their business and cite as authority to sustain their position the following Florida decisions — Atlantic Coast Line Railroad Company v. Allen, 40 So.2d 115; Seaboard Airline Railroad Company v. Timmons, 61 So.2d 426; City of Sarasota v. Colbert, 94 So.2d, 872. Each of these cases deal generally with the availability or production of written reports concerning accidents, and in each of these cases Florida courts have denied such reports to the parties seeking to examine them. Unfortunately, however, it is not possible to tell from any of these reported decisions whether these cases involved accident reports which were made and kept in the regular course of the business of the employer.

There is a very substantial difference, in the opinion of this court, between accident reports which are required by an employer to be made by an employee as a regular course of business, which reports when so filed become a part of the business records of the employer, and written reports of investigation, statements made in writing by witnesses generally, information gathered by investigators, and particularly information obtained by the employer's attorney in connection with a claim that may have arisen from an accident. This distinction is the subject matter of a rather lengthy opinion of the Supreme Court of New Jersey in Fagan v. City of Newark, 188 A. 2d 427. While this opinion deals in large part with the admissibility of business records under the Uniform Business Records As Evidence Act in force in New Jersey, it nevertheless clearly appears that such records, if otherwise meeting the tests required by law, were admissible before the passage of such act.

It is the opinion of this court that the Florida cases above cited did not deal with the question of records kept in the regular course of business and are thus not authority with respect to such records. It is further the opinion of this court that if accident reports are required to be kept in the regular course of business, they would be proper matters of evidence and should be subject to a motion to produce. It would seem that such records would not be privileged under the work product theory.

Whereupon it is ordered — (1) That the motion to produce filed by the plaintiffs is granted with respect to any accident reports required by the defendants to be made and kept in the regular course of their business in connection with the accident which is the subject matter of this action. (2) That if any question exists on the part of the defendants as to whether any such accident reports which they may have fall within the scope of this order, then the defendants shall be entitled to a determination by this court upon motion properly filed and served upon the plaintiffs. (3) Such accident reports which the defendants have which fall within the scope of this order shall be produced to the plaintiffs within fifteen days from the date of this order.