PER CURIAM.
The petitioners are defendants in an action for the alleged wrongful death of Robert L. Monroe. They have sought review in this court of an order of the trial judge which requires petitioners to produce certain documents. The petition alleges that the production of the documents will cause irreparable injury for which no remedy exists other than this proceeding.
The complaint alleged that on October 29, 1966, at approximately 10:00 P.M. Robert L. Monroe was a passenger in an automobile driven by Gregory P. Farrell. On that night Officer McDowell of the Dade County Police Department while on duty in an automobile owned by Dade County gave chase to the Farrell vehicle. It is alleged that the pursuit was unlawful in that it was commenced without any conduct on the part of Farrell or Monroe which would constitute an offense of violation of the law. It is further alleged that the pursuit was negligent and reckless and that as a result of the chase Farrell was caused to run into a concrete wall near the intersection of Southwest 67th Avenue and 74th Street in Dade County.[1] The collision caused the death of the passenger Robert L. Monroe.
Respondents urged in the trial court that only the police officers and their superiors have knowledge of the facts involving the chase and the collision. Thereupon they moved to produce the following documents concerning the incident:
“1. The activity reports of Officers McDowell and Fernandes.
2. The dispatcher’s cards and records concerning the incident involving the above named persons on that date.
3. The arrest reports of Officers McDowell and Fernandes of Gregory Paul Farrell and Robert Leonard *600 Monroe, or any other persons involved directly or indirectly with this incident.
4. All recordings or written accounts of the radio reports made by Officers McDowell and Fernandes, concerning this incident.
5. All recordings and other written statements made or given by any persons in connection with the described incident.
6. Those documents containing the names, addresses and whereabouts of all persons having knowledge of any facts surrounding this incident.
7. All records of the Internal Affairs Section, Dade County Public Safety Department, concerning its inquiry into this incident or any of the individuals concerned in connection therewith.
8. All recorded or written statements taken by Officer Kohler, Dade County Public Safety Department, concerning this incident, the persons named above, or any other persons in connection with this incident.
9. Copies of all reports, resumes, recommendations, findings, dispositions or action taken surrounding any and all inquiries made by the Department of Public Safety concerning the conduct of its personnel, connected with this incident.”
The trial court granted the respondents’ motion to produce and ordered defendants, Dade County and E. Wilson Purdy, to produce all documents included within the motion for inspection and copying. This order was entered over petitioners’ objection that items one through four required production in such broad terms as to be lacking in specificity as to the subject matter and petitioner’s further objection that items five through nine constituted the work product of the defendants. These same arguments are advanced in this court.
Petitioners rely upon International Business Machines Corp. v. Elder, Fla.App. 1966, 187 So.2d 82, for a holding that items one through four are stated so broadly that they do not sufficiently describe the documents to be produced. Despite the apparent broadness of item one the argument concerning items one through four is not well grounded. When taken in conjunction with the allegations of the motion, item one was clearly meant to apply only to activity reports concerning the incident described in the complaint. When so limited, item one also meets the requirement that documents to be produced be described with sufficient specificity to be identifiable. The other three items are sufficiently specific. The trial court was correct in requiring production of items one through four.
Petitioner’s claim that items S, 6, 7, 8, and 9 require the production of recordings, written statements, documents, and records which comprise the work product of petitioners, Dade County and E. Wilson Purdy. See Atlantic Coast Line R. Co. v. Allen, Fla.1949, 40 So.2d 115. Respondents do not dispute this possibility but urge that these items fall within recognized exceptions to the rule that a party will not be required to produce its own work product. It is urged that since only the police officers witnessed the pursuit as it progressed, only Dade County and E. Wilson Purdy have the available facts as to liability; therefore the exceptions mentioned in Miami Transit Co. v. Hurns, Fla. 1950, 46 So.2d 390, apply. In that case the court held that a defendant could not be compelled to produce materials that were secured by his attorney and that related to an accident which was the subject of suit. The documents sought were statements obtained from passengers on the defendants’ bus, reports from agents, officers or employees, and the names and addresses of any witnesses including the names of all passengers riding on the bus at the time of the accident. The plaintiff alleged that because of long confinement in a hospital he was unable to secure a knowledge of the facts. Although the court quashed an order *601 directing the defendant to produce the statements it commented:
“We do not hold that circumstances might not arise under which data and material secured by adversary counsel in the manner shown would under all circumstances be withheld from opposing counsel in response to petition for discovery. In Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, the Supreme Court pointed out instances in which it might be secured, such as (1) when witnesses are no longer available or can be reached only by great difficulty, (2) if it gives clues to relevant facts that cannot be secured otherwise, or (3) for purposes of impeachment. * * * ” 46 So.2d at 391.
In Seaboard Air Line R. Co. v. Timmons, Fla. 1952, 61 So.2d 426, the Supreme Court again quashed an order requiring the production of documents which were held to be the work product of the defendant and commented:
“And while the ‘work product’ of a party may, under unusual circumstances, be required to be produced for inspection by the opposing party, see Miami Transit Co. v. Hums, supra, no such showing has been here made. There was only a naked, general demand on the ground that ‘such documents contain or may contain evidence relevant and material to the matter involved in this action.’ This is insufficient to justify an exception to the rule as to the ‘work product’ of a party.” 61 So.2d at 428.
Three grounds are set forth as justification of plaintiff’s motion to produce the work product of petitioners: (1) such documents and records are necessary in order for the plaintiff to properly prosecute his law suit; (2) the sworn testimony of the patrolman driving the pursuing police vehicle and his companion in the criminal proceeding against the driver of the death vehicle conflicts with the sworn testimony in that proceeding of another witness; and (3) the sworn testimony of this same witness in the prior criminal proceeding conflicts with the affidavits of the police officers filed in the instant case.
We hold that these grounds are insufficient to provide a basis for the court’s order to produce defendant’s work product. Therefore the writ of certiorari is granted and the order dated May 8, 1970, and filed May 12, 1970, is quashed insofar as it requires the production of documents and things described in items numbered 5, 6, 7, 8 and 9 of the motion to produce. The remaining portions of the order are not disturbed and an amended order setting a time and place for the production of the documents and things described in items numbered 1, 2, 3, and 4 of the motion to produce may be entered.
It is so ordered.

. The issue of negligence is not before us in this appeal.