262 So.2d 222 (1972)
The TRAVELERS INDEMNITY COMPANY, Petitioner,
v.
Melvin FIELDS, Respondent.
No. Q-135.
District Court of Appeal of Florida, First District.
May 23, 1972.
Cliff B. Gosney, Jr., of Gosney, Hutcheson & Haas, Daytona Beach, for petitioner.
William M. Barr, of Raymond, Wilson, Karl, Conway & Barr, Daytona Beach, for respondent.
WIGGINTON, Judge.
Defendant insurance company seeks review by certiorari of an order rendered by the trial court requiring a claims adjuster employed by it to answer two questions *223 propounded to him on his deposition. Review is also sought of that provision of the same order which requires defendant to produce and deliver to the court for an in camera examination 17 documents written and furnished to it by its claims adjuster relative to the fire loss which forms the basis of this action. Plaintiff claims the right to inspect the questioned documents in preparation of his case for trial. We accept jurisdiction to determine the points raised.[1]
The documents involved herein may be generally characterized as correspondence, reports, cost estimates, written instructions, and information in the custody and control of defendant's claims adjuster or which may have been furnished to or received by him from defendant in connection with the fire loss suffered by plaintiff.
It is noted that the order here assaulted requires only that the questioned documents be delivered to the court for an in camera examination preliminary to a ruling on defendant's objection and motion for a protective order. No ruling has yet been made requiring that all or any of the documents be produced for plaintiff's inspection and use.
Petitioner contends that the motion to produce the documents affirmatively establishes that they constitute petitioner's work product which it is not lawfully required to divulge. From an examination of the record before us, we are unable to determine with any degree of certainty whether any or all of the documents are in fact nothing more than business records acquired and developed by petitioner in the usual course of its business of investigating and settling fire losses sustained by its insureds or are its work product acquired in connection with or in anticipation of this lawsuit brought by respondent.
The work product of a party litigant is not subject to discovery by another party to the cause except upon a showing of compelling necessity in order to reach the merits of the case. This is not on the principle of privileged communications but one of public policy underlying the orderly presentation and defense of legal claims.[2]
If it is ultimately determined that the documents are merely business records acquired by petitioner in the usual course of its business, then respondent has the right to inspect them in connection with the discovery procedures initiated by him. If on the other hand the documents are held to be the work product of petitioner, then its objection to respondent's motion and its motion for a protective order should be granted. However, in the event an in camera examination of the documents viewed in the light of any evidence relative thereto, which may be submitted to the court by the parties, demonstrates a compelling necessity for the documents to be exhibited to respondent, then such may be ordered by the court in the exercise of its discretion.[3]
Such a necessity recognized as an exception to the work product exclusionary rule may be established by a showing (1) that the underlying evidence has been damaged, disassembled, changed, or is inaccessible to the same examination by respondent; (2) that the withholding of the information *224 contained in the documents sought would defeat the interest of justice; or (3) that the information is not as readily available to respondent as it was to petitioner.[4]
We are unwilling to assume that after an in camera examination of the documents in question, the trial court will order that they be produced for respondent's inspection unless such is authorized under the principles set forth herein. In the event the trial court finds that a compelling necessity exists for petitioner's work product to be made available to respondent for his inspection and use, orderly procedure would seem to dictate that the facts upon which such finding of necessity is predicated will be clearly outlined in the order to produce.[5] If at that time petitioner feels that the trial court's ruling constitutes a departure from the essential requirements of law as set forth herein, it may then again seek the aid of this court by a renewed application for writ of certiorari.
We have considered petitioner's objection to the two questions addressed to its claims adjuster which he is required to answer under the terms of the order here reviewed. We are of the opinion that the answers sought to be elicited by the questions would be relevant to the claim for damages alleged by plaintiff in his supplemental complaint filed in the cause. For this reason the questions are not objectionable and should be answered.
Petitioner's application for writ of certiorari is denied.
SPECTOR, C.J., and RAWLS, J., concur.
NOTES
[1] Haynes v. International Harvester Company (Fla.App. 1969) 227 So.2d 51;

Seaboard Air Line R. Co. v. Timmons (Fla. 1952) 61 So.2d 426;
Atlantic Coast Line R. Co. v. Allen (Fla. 1949) 40 So.2d 115.
[2] Surf Drugs, Inc. v. Vermette (Fla. 1970) 236 So.2d 108;

Shawmut Van Lines, Inc. v. Small (Fla.App. 1963) 148 So.2d 556;
Goldstein v. Great Atlantic & Pacific Tea Company (Fla.App. 1960) 118 So.2d 253; Seaboard Air Line R. Co. v. Timmons, supra note 1;
Atlantic Coast Line R. Co. v. Allen, supra note 1.
[3] See authorities cited supra note 2.
[4] Ford Motor Company v. Havee (Fla. App. 1960) 123 So.2d 572;

State Road Department v. Cline (Fla. App. 1960) 122 So.2d 827;
State Road Department v. Shell (Fla.App. 1960) 122 So.2d 215;
Boucher v. Pure Oil Company (Fla.App. 1957) 101 So.2d 408.
[5] Haynes v. International Harvester Company, supra note 1.