# Third District Court of Appeal

## State of Florida

Opinion filed April 13, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-509
Lower Tribunal No. 09-15874 B

_____

**Stevenson Charles,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

On Petition for Writ of Certiorari to the Circuit Court for Miami-Dade County, Stephen T. Millan, Judge.

Terence M. Lenamon, P.A. and Terence M. Lenamon and Daniel J. Schwarz, for petitioner.

Pamela Jo Bondi, Attorney General, and Jay E. Silver, Assistant Attorney General, for respondent.

Before SUAREZ, C.J., and WELLS and SHEPHERD, JJ.

ON PETITION FOR CERTIORARI

SUAREZ, C.J.

Stevenson Charles seeks certiorari review of the trial court's order denying his motion for protective order in which he asked the court to preclude the

compelled disclosure of any and all reports and findings from any and all tests that may be conducted by non-testifying defense forensic experts. Charles seeks to have any anticipated test findings and reports shielded from required disclosure to the State because, he argues, such compelled disclosure would violate his rights to effective assistance of counsel under the Sixth Amendment.[1] The circuit court order deferred ruling on this discovery issue until after the tests at issue are completed and the court has had an opportunity to review the reports *in camera*. We dismiss the petition as the defendant cannot show that this order is a departure from the law resulting in irreparable harm.

Certiorari is an extraordinary remedy that is available only in limited circumstances. Certiorari is not a substitute for an appeal. See Cotton States Mut. Ins. v. D'Alto, 879 So. 2d 67 (Fla. 1st DCA 2004). As the Florida Supreme Court has explained, "'certiorari is an extraordinary remedy and [it] should not be used to circumvent the interlocutory appeal rule which authorizes appeal from only a few types of non-final orders.'" Belair v. Drew, 770 So. 2d 1164, 1166 (Fla. 2000) (quoting Martin-Johnson, Inc. v. Savage, 509 So. 2d 1097, 1098 (Fla. 1987)). This Court may grant a petition for certiorari "only when the petitioner establishes (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on post-judgment appeal." Capital One, N.A. v. Forbes, 34 So. 3d 209, 212 (Fla. 2d DCA 2010).

---

[1] See Florida Rule of Criminal Procedure 3.220(d)(1)(B)(ii).

First, this Court examines prongs two and three to determine its certiorari jurisdiction. Holden Cove, Inc. v. 4 Mac Holdings Inc., 948 So. 2d 1041 (Fla. 5th DCA 2007); Barker v. Barker, 909 So. 2d 333 (Fla. 2d DCA 2005). If jurisdictional prongs two and three are not fulfilled, this Court should dismiss the petition rather than deny it. Capital One, N.A., 34 So. 3d at 212. See also Travelers Indem. Co. v. Fields, 262 So. 2d 222, 224 (Fla. 1st DCA 1972) (certiorari review premature on discovery issue where the trial court had not yet conducted *in camera* review); Southern Baptist Hosp. of Florida, Inc. v. Charles, 178 So. 3d 102, 107 (Fla. 1st DCA 2015) (certiorari review should not promote piecemeal review of non-final trial court orders). These general principles governing the use of certiorari apply in criminal cases as well as civil cases. See State v. Pettis, 520 So. 2d 250 (Fla. 1988).

Here the trial court has not ruled on the discovery issue. The trial court's order merely defers ruling on the discovery issue until such time as the reports at issue are completed and the court has had an opportunity to review the materials *in camera*. Then the trial court will make a ruling. The trial court's ruling is not a departure from the essential requirements of the law and does not result in material injury that the defendant cannot correct on appeal. Therefore, there is no basis upon which to issue a writ of certiorari.

Petition dismissed.