# Third District Court of Appeal
## State of Florida

Opinion filed November 10, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1655
Lower Tribunal No. F20-3718A
_____

**Kelly Nelson, et al.,**
Petitioners,

vs.

**The State of Florida,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Carlos J. Martinez, Public Defender, and John Eddy Morrison, Assistant Public Defender; Law Offices of Kawass, P.A., and Kristen A. Kawass, for petitioners.

Ashley Moody, Attorney General, and Brian H. Zack, Assistant Attorney General, for respondent.

Before MILLER, LOBREE, and BOKOR, JJ.

MILLER, J.

Petitioners, Kelly Nelson and Alex John Saiz, seek certiorari review of a lower court order denying their motions for protective order and to quash a subpoena duces tecum.[1]   The subpoena requires Saiz, Nelson's former counsel, to produce certain audio and visual recordings, billing and payment records, and telephone numbers, and to further submit to a deposition. Petitioners contend compliance with the subpoena will invade the work product and attorney-client privilege.  We find no departure from the essential requirements of law in compelling the production of the requested recordings and documents.  Because the record before us fails to establish waiver, however, we quash that portion of the order allowing deposition inquiry into communications protected by attorney-client privilege.

## BACKGROUND

The facts relevant to the petition are largely undisputed.  After Nelson was jailed for armed robbery and detained without bond, the alleged victim in the case was murdered in front of her three-year-old daughter.  Before news sources reported the crime, Saiz contacted the prosecutor on the case and informed him the victim was dead.  Saiz told the prosecutor he had

---

[1] At his request, we have realigned Saiz as an additional petitioner in these proceedings.

received the information from Nelson, who had purportedly informed Saiz he learned of the murder from a news outlet.

The State issued a subpoena duces tecum, directing Saiz to appear for deposition and produce the following documents: (1) video or audio recordings involving the victim and an individual affiliated with the underlying robbery case; (2) billing and payment details relating to his representation of Nelson; and (3) telephone numbers for the affiliate and her associates. Importantly, the subpoena did not place any limit on the areas of deposition inquiry.

Saiz filed, and Nelson later adopted, the motions under review, contending the subpoena targeted information protected by the attorney-client privilege and the requested documents constituted work product.[2] The trial court convened a hearing on the motions.

At the hearing, the State argued it was entitled to the subpoenaed documents and recordings due to necessity and its inability to obtain the substantial equivalent. Although conceding an intent to pursue a line of deposition questioning relating to the conversation between Saiz and Nelson relating to the murder of the victim, the State proffered that Saiz waived any

---

[2] We summarily reject petitioners' further claims that certain subpoenaed documents and recordings are shielded from disclosure by attorney-client privilege.

3

applicable attorney-client privilege by divulging the conversation to the prosecutor. The court denied the motions, reconsideration proved futile, and the instant petition ensued.

## STANDARD OF REVIEW

Although "[c]ertiorari is an extraordinary remedy that is available only in limited circumstances," it is warranted when an order results in a material injury for the remainder of the case, which cannot be corrected on plenary appeal, and departs from the essential requirements of law. Charles v. State, 193 So. 3d 31, 32 (Fla. 3d DCA 2016); see also Fernandez-Andrew v. Fla. Peninsula Ins. Co., 208 So. 3d 835, 837 (Fla. 3d DCA 2017). Orders granting the discovery of privileged materials, by deposition or otherwise, are amenable to certiorari review because plenary appeal in such circumstances seldom provides adequate redress. McGarrah v. Bayfront Med. Ctr., Inc., 889 So. 2d 923, 925 (Fla. 2d DCA 2004).

## LEGAL ANALYSIS

We discern no error in the compelled production of recordings, billing and payment records, and telephone numbers. These documents, at best, constitute fact work product, and the State has made a reasonable showing of need and inability to obtain the substantial equivalent without undue hardship. See State v. Rabin, 495 So. 2d 257, 262 (Fla. 3d DCA 1986);

4

Dade Cnty. Sch. Bd. v. Soler, 534 So. 2d 884, 885 (Fla. 3d DCA 1988); see also E. Air Lines, Inc. v. Gellert, 431 So. 2d 329, 331 (Fla. 3d DCA 1983); In re Slaughter, 694 F.2d 1258, 1260 (11th Cir. 1982). Further, nothing in the trial court's order precludes the redaction of any mental impressions or opinions prior to disclosure. See Finol v. Finol, 869 So. 2d 666 (Fla. 4th DCA 2004). Thus, we turn our analysis to the deposition.

Codified in section 90.502, Florida Statutes (2021), "[t]he attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." Upjohn Co. v. United States, 449 U.S. 383, 389 (1981). "It is therefore not only an interest long recognized by society but also one traditionally deemed worthy of maximum legal protection." Am. Tobacco Co. v. State, 697 So. 2d 1249, 1252 (Fla. 4th DCA 1997) (quoting Haines v. Liggett Grp. Inc., 975 F.2d 81, 90 (3d Cir. 1992)). The privilege developed to encourage "full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." Upjohn Co., 449 U.S. at 389. To that end, the attorney must "know all that relates to the client's reasons for seeking representation if the professional mission is to be carried out." Trammel v. United States, 445 U.S. 40, 51 (1980).

"The burden of establishing the attorney-client privilege rests on the party claiming it." Southern Bell Tel.& Tel. Co. v. Deason, 632 So. 2d 1377, 1383 (Fla. 1994). Here, the State concedes the communications are protected by attorney-client privilege, but contends the privilege was waived. Attorney-client privilege, as with any privilege, may be waived expressly or, on occasion, impliedly. Regardless of whether express or implied, the burden of establishing a prima facie case of waiver rests upon the party asserting it. See MapleWood Partners, L.P. v. Indian Harbor Ins. Co., 295 F.R.D. 550, 584 (S.D. Fla. 2013); see also Am. Tobacco Co., 697 So. 2d at 1254.

In the instant case, the State asserted that Saiz waived the privilege by disclosing the protected communication to the prosecutor. Attorney-client privilege belongs solely to the client, not the attorney. Neu v. Miami Herald Publ'g. Co., 462 So. 2d 821, 825 (Fla. 1985). Hence, the attorney may not terminate the privilege unilaterally. Owners Ins. Co. v. Armour, 303 So. 3d 263, 268 (Fla. 2d DCA 2020). In accord with these principles, waiver must be demonstrated by evidence that the client, by conduct or words, relinquished the right to invoke confidentiality with respect to the information in question, and thus, consented to disclosure. See Savino v. Luciano, 92 So. 2d 817, 819 (Fla. 1957); see also § 90.507, Fla. Stat. (2021). Hence,

6

the proffer, without more, was insufficient to demonstrate Nelson, as opposed to Saiz, relinquished the right to invoke confidentiality. Accordingly, we quash that portion of the order requiring Saiz to submit to deposition.[3]

Petition granted in part.

---

[3] Our decision should not be construed as foreclosing the right of the State to depose Saiz upon a proper showing of waiver.