O’CONNELL, Justice.
This is an appeal by plaintiff, City of Anna Maria, from an order entered by the lower court, in chancery, granting the defendants’, H. B. Miller et al., motion to strike the bill of complaint and dismiss the cause of action.
Plaintiff brought action seeking to cancel a deed conveying certain land from the city to T. L. Hackney, Jr., one of the defendants. Defendant H. B. Miller, Mayor of the plaintiff city, signed the deed. This deed was dated May 26, 1946. One month afterwards Hackney conveyed to Miller an undivided one-half interest in the land. Subsequently, portions of the land were conveyed to others, defendants herein. The land was originally conveyed to Hackney on the condition that he develop thereon a yacht basin. City Ordinance No. 139, enacted November 6, 1945, gave the Commissioners authority to make such conveyance and set out provisions concerning the proposed yacht basin. In addition, the ordinance granted the Commissioners authority to “grant an easement to the purchaser and developer of the Yacht Basin over and across” adjacent lands. Apparently the city did so grant an easement to the defendants (this Court does not have before it a copy of the instrument), for subsequently the present defendants were plaintiffs in an action against the city, plaintiff in this cause, to establish them as owners in fee simple of such easements. In their complaint the plaintiffs in that cause alleged that they were owners in fee simple of certain property deeded to them by the city, such deed being the one in question in the present cause. In its answer to the complaint the city admitted all of the allegations of paragraph 1 of the complaint, which contained the allegation concerning the deed in question. That action was appealed to this Court, which declared the plaintiffs, defendants in the present cause, owners of the easements. City of Anna Maria v. Hackney, Fla.1954, 75 So.2d 693.
In this present action from which this appeal is taken, the plaintiff city sought to cancel the deed referred to above and subsequent deeds to such land. The lower court dismissed their complaint on the ground that the plaintiff was estopped by record and, further, that the equities were with the defendants.
The rule is very well established that a judgment on the merits is an absolute bar to a subsequent action on the same claim. Peacock v. Feaster, 1906, 52 Fla. 565, 42 So. 889; Town of Boca Raton v. Moore, 1936, 122 Fla. 350, 165 So. 279. When the second suit is on a different cause, however, it has been held that the former suit operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. Gray v. Gray, 91 Fla. 103, 107 So. 261. Donahue v. Davis, Fla., 68 So.2d 163. See Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195. Since the present suit is an action to cancel the original deed and the first suit, although between the same parties, was concerning easements granted in a separate, concurrent instrument to the deed in question, the present question is whether the validity of the deed was an is *335 sue or point controverted in the former suit. However, before laboring that proposition, it is well to note that in 2 Freeman, Judgments, Section 683 it is said “if the claim or cause of action is substantially the same in both actions it is not material that the relief demanded is in some measure different”; and in Section 677, “but as to all matters expressly or necessarily adjudicated, a judgment is, of course, conclusive,regardless of the difference in the causes of action”. In 30 Am.Jur., Judgments, Sec. 176, it is said “the fact that a different form or measure of relief is asked does not preclude the application of the judgment to estop the maintenance of the second action.” These arguments give strength to the holdings which follow.
The City Ordinance which authorized the granting of the easements, concerning which the first suit was instituted, stipulated the easements should go “to the purchaser and developer of the Yacht Basin”. Such purchaser and developer secured title through the deed presently in question. The granting of the easements was concurrent with the execution of the deed. A sure defense available to the city in that action would have been to show the deed invalid. Had the deed been invalid, the entire plan of developing and maintaining a yacht basin with easements over adjacent lands would have also failed. The entire arrangement between the parties necessarily depended upon a valid deed of conveyance of the basin. If the developers did not own the land on which the basin was constructed they had no cause to own easements to such basin over adjacent lands. Consequently, title to the land was necessarily a matter in issue or point controverted upon the determination of which the finding of the court was rendered in the former action. In that action the plaintiffs alleged ownership of the yacht basin by virtue of the deed in question. The defendant city in its answer admitted such allegation. Confession or admission made in pleadings in a court of record, decrees, and other final 'determination work estoppels. Gray v. Gray, supra. We therefore feel the plaintiff city was estopped by record from now disputing the validity of the deed.
For the reasons above cited the decree appealed from is affirmed.
DREW, C. J., and TERRELL, HOB-SON, ROBERTS and THORNAL, JJ., concur.
THOMAS, J., dissents.