PEARSON, Judge.
By this interlocutory appeal, the appellant, who was defendant and counterclaim-ant in the trial court, seeks review of three orders. The first is an order appointing a guardian ad litem for the plaintiff in a divorce case. The second is an order authorizing the guardian ad litem to take charge of the property of the plaintiff and to act tó preserve the property. The third extended the time for the filing of an answer to appellant’s counterclaim in the divorce action. The appellant is the wife who is counterclaiming for divorce in her husband’s suit. The appellee, husband, has a history of mental incompetency, and had disappeared during the progress of the suit.
Appellant’s attack upon the third order has been abandoned by her statement in oral argument that the issue is now moot. We affirm the order appointing the guar *69 dian ad litem and the order relative to the conservation of property for the reasons hereinafter set forth.
Appellant’s attack on the order appointing the guardian ad litem is contained in points numbered one and two of the brief which are as follows: I. A Court may not appoint a guardian ad litem for a litigant who is neither an infant nor an incompetent person. II. Where an individual comes into a cpurt presumptively competent, the circuit court is without power to make determinations in matters of competency.
The gist of appellant’s first point is that the circuit court has absolutely no authority to appoint a guardian ad litem unless the person for whom the guardian ad litem is appointed is either an invalid or has been adjudged an incompetent person. See Rule 1.17(b) Florida Rules of Civil Procedure, 1965 Revision, 30 F.S.A. (Identical to Rule 1.210(b) 1967 Revision). Appellant argues that by the enactment of Chapter 744 Florida Statutes, F.S.A., the legislature provided an exclusive remedy for the appointment of guardians, including guardians ad litem, for incompetent persons and that therefore, the power of the circuit court to appoint a guardian ad litem for an incompetent person is limited to those persons who have been declared mentally incompetent in the County Judge’s Court. We think that this position is untenable in view of § 744.06(3) Fla.Stat.,[1] which preserves the inherent power of the circuit court. It is apparent from the facts of the case now before us that there are occasions when the rather lengthy process set forth in Chapter 744, Fla.Stat., F.S.A. cannot provide the speedy and necessary judicial action in order to carry out the jurisdiction of the circuit court. Under such circumstances the equitable powers of the circuit court included the right to appoint a guardian ad litem for the purpose of preserving the interests of absent and possibly incompetent parties. It seems to us that to hold otherwise would place the court in the impossible position of seeing the res before it dissipated without being able to act to preserve it. See Donnelly v. Mann, Fla. 1953, 68 So.2d 584, 587; Bambrick v. Bambrick, Fla.App.1964, 165 So.2d 449.
Appellant’s second point, which is also directed to the authority of the circuit court, urges that where an individual comes into court presumptively competent, the circuit court is without power to make a determination of his incompetency. We do not attempt to deal with this point further than to note that the record contains no finding by the circuit court that the plaintiff is an incompetent person. The appointment of a guardian ad litem under the circumstances of this case does not act as an adjudication of incompetency.
Appellant’s third point is directed to the second order appealed and urges that the circuit court cannot empower a guardian ad litem to take charge of a litigant’s property and order the opposing party to surrender such merely because the court is convinced that the litigant cannot be found. A review of the record reveals that after the appointment of a guardian ad li-tem, the appellant, who was the defendant, counterclaimant, and the wife of the plaintiff-appellee, petitioned the court for an order requiring the guardian ad litem to pay $700 to her each month as temporary alimony, together with certain other sums for other purposes touching upon the maintenance of the appellant-wife. We think that having accepted the benefits of the order directing the guardian ad litem to take charge of property of her husband, the appellant cannot now urge error upon the *70 entry of the order directing the guardian to take charge of properties of the absent husband. See Miami Retreat Foundation v. Ervin, Fla.1952, 62 So.2d 748; 28 Am.Jur. 2d, Estoppel and Waiver, § 59.
Within the limited scope of review afforded upon this interlocutory appeal, and confining ourselves to the points argued by the appellant, we find no error and affirm.
Affirmed.

. Section 744.06(3) reads as follows:
“ (3) COURT OF EQUITY.—No court of equity shall be deprived of its inherent jurisdiction to appoint or to remove guardians or require of them accountings of their trusts or to administer the estates of wards in cases in which equitable intervention is necessary for complete and adequate relief.”