239 So.2d 51 (1970)
Marcella SCHETTER, Appellant,
v.
C.B. SCHETTER, Ernest R. Tashea and Others, Consolidated, Appellees.
No. 70-389.
District Court of Appeal of Florida, Fourth District.
September 4, 1970.
Donald I. Bierman, of Pearson & Josefsberg, Miami, for appellant.
Thomas B. Duff and J. Carrington Gramling, Jr., of Duff, Brown & Gramling, Miami, for C.B. Schetter.
A.J. Thomas, Jr., of James, Bielejeski, Lunny & Thomas, Fort Lauderdale, for Raymond J. Hare, Guardian ad Litem for Marcella Schetter.
McCAIN, Judge.
Defendant in the pending divorce action below, Marcella Schetter, appeals from an order of the circuit court appointing a guardian ad litem on her behalf individually and as president of Mar-Ken Corporation. We reverse.
The trial court, while finding the defendant "not incompetent" intervened as an equity court to appoint a guardian to protect her interests in the action. The inherent power of the circuit court for invocation of such equitable intervention under Section 744.06(3), Fla. Stat., F.S.A., is discussed in Peppard v. Peppard, Fla.App. 1967, 198 So.2d 68.
The record reveals that defendant's attorney who initiated the motion to appoint a guardian ad litem, had two lengthy conversations with defendant concerning a possible continuance of the trial of the action. The attorney tape-recorded the second of these conversations without telling defendant that he had done so until the end of the conversation, and submitted *52 the recording to a psychiatrist without defendant's knowledge or consent for the purpose of determining whether a guardian ad litem should be appointed for her. The psychiatrist testified at a hearing that, based on portions of the tape-recorded conversation, for the defendant to continue to handle her affairs might render her "psychotic." Defendant's attorney did not testify at the hearing, but supported his motion with an affidavit stating that the defendant had acted irresponsibly during the two telephone conversations in question.
The hearing resulted in the appointment of a guardian ad litem for the defendant, and it is clear the foregoing conversations had a significant and vital role in the trial judge's conclusion.
Of critical significance, however, is the fact that the defendant refused to release her attorney-client privilege at the hearing, and the court's specific finding that the conversations were privileged. Therefore, it must be inferred that since the court allowed the testimony of the psychiatrist based on the recorded conversation, over objections on the privilege theory, the court did not regard the privilege as extending to the testimony of a third party.
We disagree. Basic to the assertion of the attorney-client privilege is that the communication in question must have been made in confidence, as we conclude it was in this case. "In order to be privileged, a communication must be made in confidence of the relationship and under circumstances from which it may reasonably be presumed that it will remain in confidence." Wilcoxon v. United States, 10 Cir.1956, 231 F.2d 384. See also Dominguez v. Citizens' Bank & Trust Company, 1911, 62 Fla. 148, 56 So. 682. If so, the attorney-client privilege arises and may be waived only by the client, which in this instance did not occur.
Our federal courts have considered this problem in Himmelfarb v. United States, 9 Cir.1949, 175 F.2d 924. There the attorney communicated information disclosed to him by his client to an accountant, and the accountant attempted to assert the attorney-client privilege in court. Although the information in that case was held not privileged because the client knew his attorney was going to disclose it to his accountant, the court stated:
"* * * [I]f the data was obtained through voluntary and indirect disclosures by the attorney of matters received in confidence from his clients, admission in evidence of what was disclosed would violate the privilege as much as would the attorney's voluntary disclosures on the stand."
The Himmelfarb case pronounces a palatable principle, and we conclude that where the original communication is privileged, as the trial court in the case sub judice specifically found, it is a breach of the privilege to permit a third party to give expert opinion testimony founded on the unauthorized disclosures of the attorney. This is compatible with the rule that "* * * a person will not be permitted to do indirectly what he is not permitted to do directly." Clermont-Minneola Country Club, Inc. v. Loblaw, 1932, 106 Fla. 122, 143 So. 129. See also Johns v. Bowden, 1914, 68 Fla. 32, 66 So. 155.
Reversing on the issue of privilege renders it unnecessary to determine the other points on appeal asserted by the defendant.
Accordingly, the order of the circuit court appointing a guardian ad litem on defendant's behalf, both individually and as president of Mar-Ken Corporation, is reversed and this cause is remanded for proceedings consistent herewith.
Reversed and remanded.
WALDEN and REED, JJ., concur.