347 So.2d 475 (1977)
J.F. DEES et al., Appellants,
v.
Phillip SCOTT, Appellee.
No. BB-370.
District Court of Appeal of Florida, First District.
June 30, 1977.
*476 Raymond E. Makowski, Jacksonville, for appellant.
Stanley B. Gelman, Jacksonville, Fred L. Cavalli, Atlanta, Ga., for appellee.
BOYER, Chief Judge.
Appellee John Phillip Scott brought suit on a $10,000 promissory note which appellants had signed as guarantors. At the conclusion of the presentation of all the evidence, the trial court entered a directed verdict in favor of appellee. Appellants now appeal the final judgment entered pursuant to the directed verdict and the trial court's denial of their motion for new trial, raising (a) sufficiency of the evidence and (b) the trial court's refusal to allow two of their witnesses to testify on the basis of the attorney-client privilege and the accountant-client privilege.
The intricate financial dealings which culminated in this lawsuit began in January of 1972 when appellant J.F. Dees, Joseph E. Williams, and Hugh H. Scott, Sr., formed a corporation, J. Williams Construction Co. Appellant Dees was the sole stockholder, Williams was the corporate president, and Scott agreed to loan the corporation $100,000 for which he would receive 40 percent of the net profits from the corporation. According to appellant Dees, Scott represented himself as Hugh H. Scott, Jr. After making the initial $100,000 loan to the corporation, Scott made an additional loan of $10,000, as evidenced by a note in that amount executed by the corporation to Hugh H. Scott, Jr. That note was guaranteed by appellants. In July of 1972, the corporation in an attempt to increase its bonding capacity sought an additional $50,000 from Scott and further executed a $150,000 subordination debenture in favor of Hugh H. Scott, Jr. An amended subordination debenture in the same amount was executed by the corporation in favor of Hugh H. Scott at the same time that Hugh H. Scott, Sr. acquired controlling interest in the corporation. In 1974, Hugh H. Scott, Jr. assigned the $10,000 promissory note to his brother, appellee, who, after making demand on the corporation, likewise made demand on appellants. When appellants refused payment, appellee brought suit on the note.
At trial, appellants sought to have the corporation's attorney, William Frazier, testify that he advised appellant Dees and the Board of Directors that the $150,000 subordinated debenture would satisfy both the $100,000 and $10,000 promissory notes. The trial court refused to allow Mr. Frazier to testify when appellee's attorney invoked the attorney-client privilege on behalf of the corporation. The trial court also indicated that he would not allow Earl Sapp, the corporation's accountant, to testify for appellant on the basis of the same confidential relationship that was found in the attorney-client relationship.
We first consider whether the corporation's attorney should have been permitted to testify. Once the attorney-client relationship is established, all confidential communications are privileged. (Schetter *477 v. Schetter, 239 So.2d 51 (Fla. 4th DCA 1970).) The element of confidentiality has been retained in the new Florida Evidence Code, which becomes effective July 1, 1977. See § 90.502, Florida Statutes (1976 Supplement). Whether a communication is confidential depends upon the intent of the client. If the client intends the matters communicated to be made public or revealed to third persons, the matters are not confidential. See McCormick, Handbook of the Law of Evidence, § 95.
The record of the case sub judice reveals that the matters concerning which the corporate attorney was called to testify were not intended by the corporation to be confidential. As the minutes of the July 10, 1972 meeting of the Board of Directors indicate, the corporation, in an attempt to increase its bonding capacity, was required to alter its financial structure by the bonding company, United States Fidelity and Guaranty Company. Given the fact that the corporation would of necessity have to reveal its restructured finances to the bonding company, the matter about which the corporate attorney was expected to testify can hardly be said to be confidential. The trial court's refusal to allow the attorney to testify was, therefore, error. Because the attorney's proposed testimony was crucial to appellants' defense, we conclude that the entry of a directed verdict in favor of appellee was also erroneous.
Appellants should have also been permitted to call as their witness the corporation's accountant. By statute, a privilege exists between a client and his public accountant or certified public accountant. Section 473.141, Florida Statutes (1975). However, the privilege is restricted to a "certified public accountant" and "public accountant". Those terms "shall be deemed and construed to mean a person holding a certificate to practice as such, issued by the state under this chapter, or any laws of the state heretofore in force and effect." F.S. § 473.011(1), Florida Statutes (1975). If, as appellants contended in their motion for new trial, the accountant Earl Sapp is neither a "certified public accountant" nor "public accountant" as defined by statute, then he should be allowed to testify.
Accordingly, the cause is reversed and remanded for a new trial.
REVERSED AND REMANDED.
MILLS, J., and JOPLING, WALLACE, Associate Judge, concur.