## FIGUEROA v. ALLINSON
### Case No. 81-11725 CA (04)
Eleventh Judicial Circuit, Dade County
September 20, 1985

### APPEARANCES OF COUNSEL

**Neal Sandberg, Simon, Schindler & Hurst,** for plaintiffs/counter-defendants.

**Dan Paul** and **Steven M. Kamp, Paul & Burt,** for movants, American Medical International, Inc. and Parkway Regional Medical Center, Inc.

**Gerald F. Richman, Floyd, Pearson, Richman, Greer, Weil, Zack & Brumbaugh, P.A.,** for defendant/counter-plaintiff.

### OPINION OF THE COURT

JAMES C. HENDERSON, Circuit Judge.

This matter came before the Court on the Motion of American Medical International, Inc. ("AMI") and Parkway Regional Medical Center, Inc. ("Parkway") (collectively, the "Movants") for a Protective Order in connection with a Subpoena Duces Tecum served by Dr. Peter Allinson upon AMI and Parkway who are not parties to this action. Pursuant to this subpoena duces tecum, certain documents have

been furnished to Dr. Allinson and the balance of the documents called for by the subpoena which Movants claim are privileged have been filed under seal with the Court for an *in camera* inspection. After consideration of the Motion, argument of counsel at a September 4, 1985 hearing on the Motion, and the memoranda filed by counsel, and after an inspection *in camera* of the documents at issue, It is

ORDERED:

1. The Court finds that each of the documents submitted by Movants under seal for an *in camera* inspection by the Court is privileged under one or more of the following privileges:

   (a) Section 768.40(4), Florida Statutes, which protects medical review committee materials against both discovery and introduction into evidence.

   (b) Section 395.017(3), Florida Statutes, which protects patient records against disclosure without the consent of or notice to the patient.

   (c) Section 90.502(2), Florida Statutes, which prohibits disclosure of attorney/client privileged communications; and

   (d) rida Rule of Civil Procedure 1.280(b)(2), which prohibits disclosure of attorney work product without a showing of unusual circumstances which has not been made in this case.

2. Appendix 1, submitted *in camera* to the Court on September 4, 1985, together with the documents contained in the Movants' Supplemental *In Camera* Submission, consists entirely of documents privileged from both discovery and introduction into evidence by Section 768.40(4), Florida Statutes, which provides in pertinent part:

"The proceedings and records of committees . . . shall not be subject to discovery or introduction into evidence in any civil action against a provider of professional health services arising out of the matters which are the subject of evaluation and review by such committee . . ."

These documents relate to the proceedings of "committees" as such term is used in Section 768.40(1), Florida Statutes:

"committee(s) . . . of a medical staff of a licensed hospital . . . which committee is formed to evaluate and improve the quality of health care rendered by providers of professional health services or to determine that health services rendered were professionally indicated or were performed in compliance with the applicable standard of care . . ."

134

There are two major appellate decisions construing this privilege, one of which involves Parkway and Dr. Peter Allinson who seeks here again the same type of records he was denied in *Parkway General Hospital, Inc. v. Allinson*, 453 So.2d 123 (Fla. 3rd DCA 1984). In that case the Third District Court of Appeal quashed an Order granting discovery to Dr. Allinson of:

"the minutes of the medical staff review committee meetings at which (plaintiff Allinson's) continuation as a member of the medical staff at Parkway General was discussed and voted upon."

In *Holly v. Auld*, 450 So.2d 217 (Fla. 1984), the Florida Supreme Court held that the following materials were privileged under this statute:

(i) the records of a hospital credentials committee;

(ii) the testimony of witnesses before the committee which denied plaintiff of staff privileges.

The purpose of the statute and its dual bar against discovery and introduction into evidence of medical review committee minutes and records is to promote physician candor and self-regulation, as the Florida Supreme Court explained in *Holly v. Auld, supra* at 450 So.2d 220:

"A doctor questioned by a review committee would reasonably be just as reluctant to make statements, however truthful or justifiable, which might form the basis for a defamation action against him. . ."

3. Appendix 2 of the *in camera* submission consists of documents which are privileged under Section 395.017(3), Florida Statutes, as patient records:

"(3) Patient records shall have a privileged and confidential status and shall not be disclosed without the consent of the person to whom they pertain but appropriate disclosure may be made without such consent . . .:

        .   .   .   .   .   .   .   .   .   .   .

(d) In any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice by the party seeking such records to the patient or his legal representative."

Allinson admits he has not complied with the prerequisites imposed by this statute. Therefore, any disclosure of the Appendix 2 documents would be contrary to law, *North Miami General Hospital v. Royal Palm Beach Colony, Inc.*, 397 So.2d 1033, 1035 (Fla. 3rd DCA 1981).

4. Appendices 3(i) and 3(ii) of the *in camera* submission consist of material covered by the attorney/client privilege (Section 90.502(2), Florida Statutes) and the attorney work-product privilege (Florida Rules of Civil Procedure 1.280(b)(2)). These appendices comprise:

(i) Risk management incident reports in which Allinson is named; and,

(ii) The "Peter Allinson File".

The risk management reports in Appendix 3(i) are explicitly designated as "Report(s) of Incident" which are "prepared at the request of and for the use of the hospital's attorney." In *Associated Medical Institution, Inc. v. Trube*, 394 So.2d 563 (Fla. 3rd DCA 1981), the Third District Court of Appeal granted a writ of common law certiorari and quashed a trial court order requiring disclosure of incident reports because under Fla.R.Civ.P. 1.280(b)(2):

"A party cannot be compelled to produce materials which are the work product of his attorney and which relate to the subject matter of the suit without a showing of unusual circumstances."

*Cf.* numerous other Florida appellate decisions holding that incident reports prepared for use by counsel are attorney work-product, *e.g.*: *Dade County v. Monroe*, 237 So.2d 598,600 (Fla. 3rd DCA 1970) (police department incident reports); *Florida Power & Light Co. v. Limeburner*, 390 So.2d 133, 134 (Fla. 4th DCA 1980) (utility accident reports); *Alachua General Hospital v. Zimmer USA, Inc.*, 403 So.2d 1087 (Fla. 1st DCA 1981) (hospital investigation report); *Winn-Dixie Stores, Inc. v. Nakutis*, 435 So.2d 307 (Fla. 5th DCA 1983) (grocery store accident reports). As the Florida Supreme Court stated in *Surf Drugs, Inc. v. Vermette*, 236 So.2d 108, 113 (Fla. 1970):

"A party may not be required to set out the contents of statements, absent rare and exceptional circumstances, or to divulge his or his attorney's evaluation of the substance of statements taken in preparation for trial."

*Cf. City of Lake Worth v. First Nat. Bank in Palm Beach*, 93 So.2d 49, 54 (Fla. 1957).

5. Appendix 3(ii) of the *in camera* submission consists of the "Peter Allinson File" material which consists primarily of letters to and from Movant's counsel and investigators retained by Movant's counsel. Every document in Appendix 3(ii) is within either the work product or attorney-client privileges. See *Surf Drugs, Inc. v. Vermette*, 236 So.2d 108, 111-12 (Fla. 1970); *International Tel. & Tel. Corp. v. United Tel. Co. of Florida*, 60 F.R.D. 177, 184-85 n.6 (M.D. Fla. 1973); *Schetter v.*

136

*Schetter*, 239 So.2d 51, 52 (Fla. 4th DCA 1970); *Dees v. Scott*, 347 So.2d 475, 476 (Fla. 1st DCA 1977); *Reynolds v. Hofmann*, 305 So.2d 294, 295 (Fla. 3rd DCA 1974); *Alachua General Hospital v. Zimmer USA, Inc.*, 403 So.2d 1087, 1088-89 (Fla. 1st DCA 1981); *In re Murphy*, 560 F.2d 326, 334 (8th Cir. 1977); *Goldstein v. Great Atlantic & Pacific Tea Company*, 118 So.2d 253, 255 (Fla. 3rd DCA 1960).

6. Appendix 4 of the *in camera* submission consists of medical review committee minutes privileged from discovery or introduction into evidence by Section 768.40(4), Florida Statutes, produced by Movants in the case of *Eunice Devereaux v. Parkway General Hospital, Inc.*, Case No. 81-13166(12) in the Dade County Circuit Court. Allinson claims this production by the hospital constitutes a waiver of the privilege as to these documents.

However, Parkway and AMI cannot waive the privileges for the individual doctor members of the medical review committees. The statute explicitly provides that the privilege belongs to them as well as the Movants:

"The proceedings and records of committees . . . shall not be subject to discovery or introduction into evidence in any civil action against a provider of health services arising out of the matters which are the subject of evaluation and review by such committee, and no person who was in attendance at a meeting of such committee shall be permitted or required to testify in any such civil action as to any evidence or other matters produced or presented during the proceedings of such committee. . ."

In addition, Allinson is estopped by judgment from contending that prior disclosure of these documents by the hospital waived the Section 768.40(4) privilege as to all persons since Allinson argued this same waiver issue as to the same type of documents in the common law certiorari proceedings before the Third District Court of Appeal in *Parkway General Hospital, Inc. v. Allinson, supra*. The Third District did not accept Allinson's waiver argument, since it quashed a trial court order requiring Parkway to disclose materials privileged under this statute. Allinson cannot relitigate with the same party here the same waiver issue as to medical review committee minutes. *City of Anna Maria v. Miller*, 91 So.2d 333, 334 (Fla. 1956).

7. As pointed out in *Holly v. Auld, supra,* and *Parkway General Hospital, Inc. v. Allinson, supra*, Section 768.40(4), Florida Statutes, does not abolish certain types of actions, but only makes them more difficult to prove. Therefore, this statute does not violate the Florida

constitutional guarantee of access to courts in Article I, Section 21 of the Florida Constitution.

8. The Motion for Protective Order of Movants American Medical International, Inc. and Parkway Regional Medical Center, Inc. is granted and the subpoena duces tecum served upon AMI and Parkway by Allinson is quashed as to the privileged documents.

9. The Clerk is directed to return to counsel for Parkway and AMI the *in camera* submissions made under seal.