## MULTINATIONAL FORCE AND OBSERVERS, Plaintiff,

v.

## ARROW AIR, INC., et al, Defendants.

### No. 86–2554–Civ.

United States District Court,
S.D. Florida,
Miami Division.

June 9, 1987.

Aaron Podhurst, Miami, Fla., for plaintiff.

Timothy J. Norris, Miami, Fla., Hughes, Hubbard & Reed, Washington, D.C., for defendants.

## ORDER

SCOTT, District Judge.

Peat Marwick Main & Co. ("PMM") (formerly KMG Main-Hurdman) objects to the production of certain accounting records pertaining to their client Arrow Air and its affiliates. Without reviewing the history of the subpoena, the parties attempted to work out the production of these records to MFO. Notwithstanding these laudable efforts, the parties failed to reach an agreement. Of course, this is not unexpected in light of the high emotion that has permeated this litigation. It, therefore, becomes incumbent upon this Court to resolve the present controversies.

At the onset, MFO acknowledges that Florida Statute § 90.5055 creates an accountant-client privilege,[1] but argues that it does not apply because the Plaintiff has pled and, with the assistance of the present documents, will prove fraud[2] at trial. F.S. 90.5055(4)(a). Defendant responds that (a) Plaintiff has failed to meet the fraud excep-

---

**1.** See, Federal Rule of Evidence 501; and *Falsone v. United States*, 205 F.2d 734 (5th Cir. 1953).

**2.** At the hearing of June 9, 1987, Plaintiff made a detailed proffer of its evidence of fraud which discovery had documented to date. While Defendants denied fraud and, naturally, this issue will be ultimately decided at trial, Plaintiff's proffer meets a *prima facie* threshold requirement. *United States v. Ballard*, 779 F.2d 287 (5th Cir.1986); and, *United States v. Friedman*, 445 F.2d 1076, 1086 (9th Cir.1971).

tion; (b) the subpoena calls for production of *only* Arrow Air documents, but in any case production of all affiliated company documents is burdensome and overly-broad; and (c) assuming arguendo documents must be produced, the deposition should be limited only to authentication of these documents and not to other oral communications.

With this outline of the contentions, the Court has carefully scrutinized the subpoena, related correspondence and allowed unlimited oral argument. Upon review of the statute and the limited case law, the Court concludes:

■ 1. PMM has not waived any objection to the production of its client's records, but merely sought to be professional in amicably resolving the matter. *See, Carlucci v. Piper Aircraft Co.,* 775 F.2d 1440 (11th Cir.1985). (Fay, J. concurring, "Professional courtesy is the lubricant that allows the wheels of justice to turn smoothly."); *compare, Savino v. Luciao,* 92 So.2d 817 (Fla.1957).

■ 2. The issues and evidence of this case fall squarely within the ambit of the fraud exception and therefore, the accountant-client privilege does not apply. Florida Statute 90.5055(4)(a) provides:

(4) There is no accountant-client privilege under this section when:

(a) The services of the accountant were sought or obtained to enable or aid anyone to commit or plan to commit what the client knew or should have known was a crime or fraud.

Here, the very heart of the Plaintiff's case is that Arrow fraudulently induced MFO to enter into an air transportation contract knowing it could not perform. The accounting records, Plaintiff argues, will show that Arrow could not financially perform and thus the services of the accountant enabled Arrow to perpetuate a fraud. *See, Dania Jai-Alai Palace, Inc. v. Sykes,* 450 So.2d 1114 (Fla.1984). Additionally, MFO argues that affidavits previously filed in this litigation by Arrow concerning the status of the corporate entities can be proved false, and thus, a fraud perpetuated on this Court can be uncovered. MFO asks the Court's permission, cognizant of the seriousness of this allegation, to prove its charge through the production of these records.

While concededly there is a dearth of legal authority interpreting this statute, this Court concludes that the present facts comport within the legislative intent and fall within the fraud exception.[3] This conclusion is buttressed by analogy to similar privileges. *See, Dees v. Scott,* 347 So.2d 475 (Fla. 1st DCA 1977); and, *Neusteter v. District Court In And For City, etc.,* 675 P.2d 1, 4–5 (Colo.1984). For example, a half-century ago, Justice Cardozo wrote in interpreting the attorney-client privilege, "The privilege takes flight if the relation is abused. A client who consults an attorney for advice that will serve him in the commission of a fraud will have no help from the law." *Clark v. United States,* 289 U.S. 1, 53 S.Ct. 465, 77 L.Ed. 993 (1933). Indeed, this principle has been applied consistently and is now known as the crime or fraud exception to the attorney-client privilege. *See, generally, Wigmore on Evidence* § 2298 (McNaughton, Ken 1961). Florida Statute § 90.5055(4)(a) is, rather obviously, based upon the common law crime-fraud exception. Drawing crime-fraud cases involving an attorney-client privilege for analogy, this Court is clearly correct in compelling production of the records. *United States v. Ballard, supra,* (and cases cited therein); *see, United States v. Hodge and Zweig,* 548 F.2d 1347, 1354 (9th Cir.1977) ("The crime or fraud exception applies even where the attorney is completely unaware that his advice is sought in furtherance of such an improper purpose."); and, *United States v. Friedman, supra.*

3. The language of the notice is clear and unequivocal and requires production of the documents of all Arrow Air companies

---

3. While not germane to this case, federal courts have expressly disapproved of the accountant-client privilege. *Couch v. United States,* 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973); and, *Matter of International Horizons, Inc.,* 689 F.2d 996, 1003–1004 (11th Cir.1982).

and its affiliates—whether a Defendant or non-party.

4. PMM shall produce, forthwith, the partially deposed witness for a continuation of the deposition related to the documents produced to date and give testimony concerning other documents and oral communications between accountant and client related to those documents.

5. PMM shall produce by no later than Friday, June 12, 1987, the remaining documents which are in its possession concerning the other affiliated companies outlined in the notice and attachment. The witness shall be prepared to authenticate the documents and give testimony concerning other oral communications between accountant and client related to those documents.

6. If, in good faith, PMM or Arrow needs further time, it shall apply to this Court upon good cause shown.

7. No sanctions will be imposed *at this time* pending prompt production of the documents and compliance with this Order.

### ORDER ON PENDING MOTIONS

THIS CAUSE is before the court on pending motions. This matter has been set for Oral Argument in order that both parties be provided full opportunity to be heard. Upon careful consideration of the parties' oral and written argument and being otherwise duly advised, it is

ORDERED and ADJUDGED as follows:

1) Defendants' Emergency Motion to Stay is DENIED.

2) Based upon a careful consideration of the parties' Memorandum on Jury Determination relating to Punitive Damages, the Court will not submit to the jury the issues of punitive damages.

3) Plaintiff's Motion in Limine No. 1 (Exclusion of Parol Evidence) is DEFERRED until Defendants have had an opportunity to respond.

4) Plaintiff's Motion for Clarification is DEFERRED until Defendants have had an opportunity to respond.

5) Defendants' Motion to Supplement their Answer is GRANTED.

6) As indicated, this matter will proceed to trial Wednesday, June 17, 1987, at 9:30 A.M. Pursuant to this Court's Order, dated May 6, 1987, the parties shall submit to the Court Local rule 14 pretrial material, including proposed jury instructions, proposed verdict forms, and a short statement of the case.