610 So.2d 452 (1992)
FIRST SOUTHERN BAPTIST CHURCH OF MANDARIN, FLORIDA, INC., a Florida non-profit corporation; South-East Bank, N.A., a national banking association; Gene A. Youngblood; and Dorothy Youngblood, Petitioners,
v.
The FIRST NATIONAL BANK OF AMARILLO, a national banking association, and Barnett Banks Trust Company, N.A., a national banking association, Respondents.
No. 91-3699.
District Court of Appeal of Florida, First District.
September 17, 1992.
*453 Douglas D. Chunn, and Marianne Lloyd of Smith Hulsey & Busey, Jacksonville, for petitioners.
Mark G. Alexander of Holland & Knight, Jacksonville, Susan L. Turner of Holland & Knight, Tallahassee, for respondents.
ERVIN, Judge.
Petitioners, First Southern Baptist Church of Mandarin, Florida, Inc., and Gene and Dorothy Youngblood, filed a petition for writ of certiorari challenging the trial court's order compelling discovery in a mortgage foreclosure suit, claiming that the attorney-client privilege insulated certain information from discovery. We grant the petition in part and remand for further proceedings.
Gene Youngblood and his family began operating the First Southern Baptist Church of Mandarin, Florida, Inc., in 1985. In 1989, the church borrowed $175,000 from H.A. and Doshia Bray to repay a previous loan used to purchase the property, which was secured by a mortgage on the real property. The church thereafter executed a trust indenture and mortgage with Trust Company of America (TCOA), the predecessor in interest to respondents, First National Bank of Amarillo, and Barnett Banks Trust Company, N.A., pursuant to which the church agreed to sell bonds worth $300,000 to finance the church building.
Petitioners defaulted under the trust indenture and mortgage, and respondents instituted the foreclosure proceeding. Respondents state that in the course of preparing to file suit, they discovered for the first time the existence of the Bray loan and first mortgage. Respondents did not, however, raise the petitioners' alleged failure to disclose as an issue in any pleading. In response to the complaint, petitioners denied that they had defaulted under the trust indenture and mortgage, denied that they owed the amount claimed, and asserted nine affirmative defenses, including allegations that TCOA had fraudulently induced petitioners into executing the trust indenture and mortgage by misrepresenting that it was capable of selling the bonds, receiving and administering trust proceeds, and paying over the proceeds from the bond sales to the church.
*454 Both the bond and Bray transactions were handled for the church by attorney Michael L. Brooks. During respondents' deposition of Brooks, Brooks repeatedly declined to answer certain questions relating to either transaction, invoking the attorney-client privilege. Brooks also testified that he believed any relevant documents in his files were also protected by the privilege, thus he declined to produce them. Respondents filed a motion to compel Brooks to reappear for deposition, answer questions, and produce documents, as well as a motion to compel the petitioners to produce documents. The trial court granted the motions, stating that any communications between Brooks and his clients with or in the presence of third parties, as well as contracts, notes, and mortgages relating to the underlying bond transaction, were not confidential communications between lawyer and client. The court also considered that the relationship between the Bray mortgage and the issues in the case were unclear, that the bond and Bray transactions each may have involved misrepresentations, and that an inquiry of Brooks regarding both transactions was relevant or might lead to relevant evidence. The court concluded that petitioners had waived their attorney-client privilege as to otherwise confidential communications with Brooks by putting such privileged matters at issue in their affirmative defenses.
Petitioners do not dispute that communications between Brooks with or in the presence of third parties are not privileged,[1] and that client communications with Brooks in a nonlawyer capacity are not privileged;[2] they merely contend that none of the information sought fits into such categories. Petitioners do dispute, however, that, simply by raising affirmative defenses, they waived the privilege of maintaining the privacy of their communications with their lawyer. This contention is not altogether correct. If a party "has injected into the litigation issues going to the very heart of the litigation," such party cannot avoid discovery into such issues by invoking the attorney-client privilege. Home Ins. Co. v. Advance Mach. Co., 443 So.2d 165, 168 (Fla. 1st DCA 1983). A party who files a claim based upon a matter that was previously privileged has thus ceased treating the matter as confidential. Savino v. Luciano, 92 So.2d 817, 819 (Fla. 1957).
We conclude that petitioners did waive the privilege in regard to communications and documents relating to the bond transaction, because they affirmatively alleged that respondents' predecessor in interest had defrauded them during the course of such transaction. Although we do not decide now that the circumstances of the Bray transaction cannot be disclosed in this litigation, we do conclude that respondents have not yet shown how this transaction relates to petitioners' affirmative defenses. Until such time as respondents establish a connection between the Bray transaction and an issue in this litigation, communications related to that transaction shall remain privileged.
The petition is GRANTED in part, DENIED in part, and the cause REMANDED for further proceedings consistent with this opinion.
MINER and WEBSTER, JJ., concur.
NOTES
[1] See Dees v. Scott, 347 So.2d 475 (Fla. 1st DCA 1977).
[2] See Skorman v. Hovnanian of Fla., Inc., 382 So.2d 1376 (Fla. 4th DCA 1980).