PER CURIAM.
Petitioners, Natural Solutions Corporation (NSC), Louis A. Isakoff, and Jimmy W. Foshee, seek certiorari review of an order compelling production of documents contained in NSC’s former counsel’s file. We grant the petition and quash the order only as to petitioner NSC.
Respondents, Terrabind International, Inc., Richard Weinert, Richard Jurgenson, and Joseph Kroll, sued petitioners for abuse of process and malicious prosecution after NSC voluntarily dismissed its earlier lawsuit against respondents. Respondents alleged that the underlying action by NSC lacked merit. In that lawsuit, NSC was initially represented by James McCann of Akerman, Senterfitt & Eidson, P.A.[1] As an affirmative defense to respondents’ claims for abuse of process and malicious prosecution, petitioners asserted that NSC’s lawsuit was initiated and prosecuted upon the advice of its then-counsel, McCann. Thereafter, respondents deposed McCann and subpoenaed documents from his file. *388 Petitioners asserted privilege objections to the deposition questions and subpoenaed documents. Following an in camera inspection, the trial court found that the documents were protected by the attorney-client and work product privileges; however, it ruled that the privileges were waived by petitioners’ assertion of an “advice of counsel” defense to the lawsuit brought against them for malicious prosecution and abuse of process. As support, the trial court relied on First Southern Baptist Church of Mandarin, Florida, Inc. v. First National Bank of Amarillo, 610 So.2d 452 (Fla. 1st DCA 1992), and Savino v. Luciano, 92 So.2d 817 (Fla.1957).
On June 3, 2002, approximately three months before the court ordered disclosure of the documents, NSC filed a bankruptcy petition in Reno, Nevada. On June 6, 2002, NCS filed a Suggestion of Bankruptcy with the trial court. When respondents sought disclosure of the McCann file and moved for an in camera inspection, petitioners objected, arguing that the trial court lacked authority to continue any judicial proceedings, or otherwise take any action against NSC, because of NSC’s pending bankruptcy and the automatic stay imposed by 11 U.S.C. § 362.
We agree with petitioners that the trial court departed from the essential requirements of the law in compelling petitioner NSC to produce the documents in question because all proceedings against NSC were automatically stayed following the filing of its bankruptcy petition and no relief from the automatic stay had been granted. See Personalized Air Conditioning, Inc. v. C.M. Sys. of Pinellas County, Inc., 522 So.2d 465, 466 (Fla. 4th DCA 1988). The automatic stay, however, does not apply to petitioners Foshee and Isa-koff, who have not filed for bankruptcy.[2]
Petitioners also argue that the petition should be granted as to petitioners Isakoff and Foshee because they do not possess any documents to produce pursuant to the court’s order. They assert that NSC was the only plaintiff in the prior action against respondents and thus the only party that generated and received attorney-client privileged documents in the underlying action. However, the record shows that Foshee and Isakoff filed a privilege log indicating that they were individually in possession of the requested documents and a Notice of Compliance stating that they had individually produced these documents in response to the trial court’s order.
We conclude that the trial court departed from the essential requirements of the law only in compelling petitioner NSC to produce the McCann file. Therefore, we grant the petition and quash the order for production only as it relates to petitioner NSC.
GRANTED in part and DENIED in part.
FARMER, STEVENSON and TAYLOR, JJ., concur.

. McCann later withdrew from representing NSC and was succeeded by attorneys James Stroup and Farris Martin.

. We do not address petitioners' argument that only the bankruptcy trustee could waive NSC's attorney-client privilege as this issue was not raised and presented to the trial judge. See, e.g., Leonhardt v. Masters, 679 So.2d 73, 74 (Fla. 4th DCA 1996); Sparta State Bank v. Pape, 477 So.2d 3, 4 (Fla. 5th DCA 1985).