WARNER, J.
Una Miller petitions for a writ of certio-rari seeking to quash a trial court order that required her to disclose the name and address of non-parties, current and former clients (“residents”) of her home-based, licensed assisted living facility (“ALF”), and their family members. The trial court ordered the disclosure as discovery in a suit attempting to prevent Miller from running an ALF in her home in violation of the homeowner’s regulations. We deny the petition, because the trial court balanced the privacy interests alleged with the necessity of obtaining relevant information.[1] No departure from the essential requirements of law has been shown.
Savanna Maintenance Association Inc. (“Savanna”), a homeowner’s association, is suing to prevent Miller from running an ALF in her home which is located in the Savanna Community of Arvida’s Weston Development. Savanna alleges that its rules prohibit Miller from operating an ALF within that community. One of Miller’s defenses is that the rule would violate the Florida Fair Housing Act because the residents are “handicapped” as that term is defined in the act. See § 760.22(7)(a), Fla. Stat. (2007). Miller has filed a motion for summary judgment on that defense.
At issue in this petition is the trial court’s November 2, 2007 order, which requires Miller to provide Savanna with the names and addresses of Miller’s current and former ALF residents from the date the complaint was filed to the date of the order. If the resident’s last known address is Miller’s residence, then Miller must provide the names and addresses of that resident’s known family members. Savanna seeks the names and addresses of Miller’s residents in order to confirm that they do indeed suffer (or suffered, in the case of former residents) from the medical conditions which Miller alleges causes them to be “handicapped” and fall within the Florida Fair Housing Act or within the scope of Miller’s license to operate an ALF. Miller’s claim that the ten persons who resided at her residence were “handicapped” is a defense to Savanna’s claim that Miller is violating the association’s rules by having more than one family unit in the residence. Savanna alleges that this claim cannot be litigated without some discovery into the patients’ medical conditions.
In compliance with a prior order compelling production, Miller has provided certain Department of Elder Affairs health forms of the residents but with the names and personal information redacted. Savanna then sought the names and addresses of the residents, purportedly in order to take their depositions.
At the hearing on the motion to compel production, Miller objected to the disclosure of the names and addresses of her residents. The court ruled that the names and addresses of the residents from the date that the lawsuit was filed had to be disclosed, but that only deposition by written questions would be permitted, and the court would have to approve the questions before the residents would be required to answer. The only issue that could be discovered, according to the judge’s reasoning, was whether the patients were “properly handicapped” in order to need assistance for daily living. The judge required Miller to provide the *1237 names and addresses of her present and former clients or the addresses of known relatives. In addition, the judge’s order required Miller to provide for in camera inspection of unredacted copies of the Department of Elder Affairs Health Averment Form for all the residents at issue. This part of the order is not at issue in this petition.
Because the trial court’s order implicates the privacy rights of non-parties, this court has jurisdiction to review the issue via certiorari, as the violation of the right to privacy could not be adequately cured after the fact. See Rasmussen v. S. Fla. Blood Serv., Inc., 500 So.2d 533 (Fla.1987); Berkeley v. Eisen, 699 So.2d 789 (Fla. 4th DCA 1997).
Miller argues that the court complied with Amente v. Newman, 653 So.2d 1030 (Fla.1995), when it ordered her to produce the redacted forms. Amente required redaction of identifying information for medical records of non-party patients in a medical malpractice case. She claims the new order violates the constraining principles of Amente.
In Amente a patient sued a doctor for medical malpractice in the birth of her child and sought discovery of medical records of the doctor’s other patients to see if their children suffered the same injuries as those alleged by the plaintiff. The purpose of the information was to determine whether the doctor had notice of the particular medical requirements needed in the delivery of patients such as the plaintiff. The trial court ordered production.
While the Fifth District granted certio-rari relief based upon the notice requirements of section 455.241, Florida Statutes (1991), providing notice to patients prior to the release of medical records, the supreme court quashed that court’s decision. The supreme court held that producing the records did not violate the patient’s right to privacy where the information was relevant to the plaintiffs case against the doctor and the patient names were redacted from the records.
Miller contends that the trial court properly followed the mandate of Amente when it initially ordered her to produce the medical records of her residents with the identifying information redacted. Miller argues that the court’s subsequent order requiring her to reveal the names and addresses of her residents, or their relatives, undoes the protections afforded by the prior order and violates the privacy rights of the residents and relatives. We agree with Savanna, however, that Amente does not apply. The current order does not require the production of medical records. If the Department of Elder Affairs forms already produced constitute medical records, names have been redacted from those forms. All the court is requiring Miller to produce are names and addresses of the residents of her house, unconnected to any medical forms.
In assessing discovery requests the trial court must balance the competing interests of a litigant’s need to know information relevant to the case with a non-party’s privacy interest in the information. See Alterra Healthcare Corp. v. Estate of Shelley, 827 So.2d 936 (Fla.2002). Here, the information that Savanna seeks is relevant to the defense raised by Miller. Miller claims that her residents are handicapped within the meaning of the Fair Housing Act, and because of that, the residency restrictions contained in the rules of the homeowner’s association cannot be enforced. Thus, the physical condition of Miller’s residents is central to that defense. Savanna is not asking at this point for medical records with identifying information on them. Instead, it is asking for the equivalent of the names and addresses *1238 of witnesses which will support Miller’s defense.
The privacy interests of the residents and their relatives and their names and addresses are not insignificant, but this information contains no damaging or sensitive information, as would medical records. The court weighed their privacy interests against Savanna’s need for the information. While it considered the fact that redacted medical forms were already supplied, it concluded that Savanna was entitled to an opportunity to confirm the ailments of the patients and whether they constitute handicaps under the Fair Housing Act. We cannot conclude that the court departed from the essential requirements of law in ordering Miller to provide names and addresses of her residents, coupled with the limitations that the court put upon their use.

Petition denied.

STONE and TAYLOR, JJ., concur.

. Neither party addresses the issue of Miller’s standing to assert the privacy interests of her residents or their relatives. For the purposes of this opinion, we therefore assume, without deciding, that Miller has standing to assert these rights.