PER CURIAM.
Petitioner Sovereign Healthcare of Port St. Lucie, LLC, d/b/a Tiffany Hall Nursing and Rehab Center filed a petition for writ of certiorari to quash a discovery order issued by the trial court in this negligence and wrongful death action filed by respondent, Natalie Fernandes, on behalf of her husband, Joseph Fernandes. Joseph died on March 22, 2009, while in the care and custody of petitioner. Sovereign Healthcare was licensed as a “skilled nursing facility” under Chapter 400, Florida Statutes (2010). Respondent filed interrogatories seeking, among other things, the names and contact information of all of petitioner’s residents at the time of Mr. Fernandes’s death, in order to “identify all individuals who either witnessed [or] had the opportunity to witness the circumstances ... relevant to the facts and issues in the instant case.” Petitioner’s answer objected to the request on the grounds that it was “overbroad, unduly burdensome, [and] irrelevant,” and that it “ask[ed] for the disclosure of residents’ protected health information.”
After an unreported hearing on respondent’s motion to compel, the trial court issued an order granting the motion as to the identity of residents at the time Mr. Fernandes resided with petitioner, but further stated “the disclosure ordered herein is here[by] protected and shall remain confidential for any purpose other than preparation and prosecution of the present lawsuit.”
Petitioner argues that the trial court’s order would cause irreparable harm not remediable on direct appeal due to the disclosure of identifying personal information of residents in violation of both their Florida Constitutional right to privacy, embodied in Art. I, section 23, as well as § 400.022(l)(m), Fla. Stat. (2010), which states that the personal and medical records of residents of nursing facilities such as petitioner are confidential. Petitioner contends that as non-parties to this litigation, the residents of petitioner should not *857 suffer disclosure of their personal identification and contact information unless a “compelling need” was demonstrated by respondent. After considering respondent’s response, as well as petitioner’s reply, we deny the petition.
To be entitled to a writ of certio-rari, a party must demonstrate both material injury that cannot be remedied on plenary appeal (irreparable harm) and a departure from the essential requirements of law. See Allstate Ins. Co. v. Total Rehab. & Med. Ctrs., 123 So.3d 1162, 1163 (Fla. 4th DCA 2013). Irreparable harm has been found where, as here, a discovery order potentially requires the disclosure of personal information subject to privacy restrictions on dissemination, including names and addresses of non-parties to a lawsuit, see Columbia Hosp. Corp. of S. Broward v. Fain, 16 So.3d 236, 239 (Fla. 4th DCA 2009). Accordingly, petitioner has established the jurisdictional basis for this court to assess its entitlement to cer-tiorari relief in this case.
However, petitioner is not entitled to issuance of a writ of certiorari in this ease for two reasons.
First, petitioner failed to show that it raised the privacy of non-parties argument presented here in the trial court, as the answer to the objected-to interrogatory proffered by petitioner does not reference state constitutional or statutory authority on the privacy question. See Natural Solutions Corp. v. Terrabind Int’l, Inc., 840 So.2d 387, 388 n. 2 (Fla. 4th DCA 2003).
Second, the trial court’s order did not depart from the essential requirements of law. Florida Rule of Civil Procedure 1.280(b)(1) defines the general scope of discovery as including the “identity and location of persons having knowledge of any discoverable matter.” See Dist. Bd. of Trs. of Miami-Dade Cmty. Coll. v. Chao, 739 So.2d 105, 108 (Fla. 3d DCA 1999) (identities of witnesses having knowledge of the facts of case are discoverable); Amente v. Newman, 653 So.2d 1030, 1032 (Fla.1995) (“[T]he concept of relevancy is broader in the discovery context than in the trial context.” (citation omitted)). Here, the interrogatory at issue sought “to identify all individuals who either witnessed [or] had the opportunity to witness” the events out of which this case arose, specifically the care of Mr. Fer-nandes by petitioner nursing facility prior to his death. Under similar circumstances, both this court in Miller v. Savanna Maintenance Ass’n, 979 So.2d 1235, 1237-38 (Fla. 4th DCA 2008), and the first district in Delta Health Group, Inc. v. Estate of Collins, 36 So.3d 711, 712 (Fla. 1st DCA 2010), denied certiorari where those petitioners sought to quash discovery orders requiring disclosure of personal identification information such as names, addresses, and/or telephone numbers of non-party fact witnesses. Given the facts of this case, the same result is appropriate here.

Petition for writ of certiorari is denied.

DAMOORGIAN, C.J., GROSS and CIKLIN, JJ., concur.