# Third District Court of Appeal

## State of Florida

Opinion filed April 5, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2571
Lower Tribunal No. 14-27829
_____

**Mishko Josifov, et al.,**
Petitioners,

vs.

**Iman Kamal-Hashmat, etc.,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Restani & Dalmanieras, P.A., and Charles M-P George and Maria E. Dalmanieras, for petitioners.

Podhurst Orseck, P.A., and Joel D. Eaton, for respondent.

Before LAGOA, SALTER and FERNANDEZ, JJ.

SALTER, J.

Loews Miami Beach Hotel Operating Co., Inc. ("Hotel"),[1] petitions for a writ of certiorari quashing an order compelling disclosure of certain non-party identification information in surveys completed by guests at the Hotel. For the reasons which follow, we grant the petition and quash the order.

The Lawsuit

The respondent here, Iman Kamal-Hashmat, as personal representative of the estate of her late husband ("Plaintiff"), filed a complaint for damages for the tragic drowning death of her husband at the Hotel's swimming pool in Miami Beach in December 2013. During pretrial discovery, the Plaintiff subpoenaed the Hotel's guest survey service (a non-party) to produce:

> All guest/customer surveys in any way related to the swimming pool; and/or supervision of guests using the swimming pool, at the Loews Miami Beach Hotel, located at 1601 Collins Avenue, Miami Beach, Florida, 33139, from December 2008 to the present. Please also include any other documents related to such surveys.

The Hotel objected. Initially, the trial court authorized the Hotel to redact any allegedly confidential financial or proprietary company information. The Hotel provided the Plaintiff with a spreadsheet provided by the guest survey service, but the Plaintiff moved to compel. The Hotel then received another database from the survey service containing information related to the swimming

---

[1] The Hotel is the remaining defendant below and petitioner here. Numerous other defendants/respondents were dismissed previously by Ms. Kamal-Hashmat, plaintiff below.

2

pool and extracted from the guest surveys.  The Hotel informed the trial court that the database contained confidential information regarding guests; the court ordered the Hotel to produce the database with a privilege log pertaining to any information withheld from the survey responses.

The Hotel filed the database with the guest names and contact information redacted, together with a privilege log claiming that the redacted information was private and protected under Article 1, section 23, of the Florida Constitution.  The Plaintiff moved to compel the production of the redacted information, and the trial court granted the motion.  The Hotel then filed the petition for certiorari under consideration here.

Analysis

The names and contact information of the non-party Hotel guests who completed the surveys are constitutionally protected, private details.  Rasmussen v. S. Fla. Blood Serv., Inc., 500 So. 2d 533, 536 (Fla. 1987); Amente v. Newman, 653 So. 2d 1030 (Fla. 1995).  There is no indication on the record before us that the Plaintiff's need for information was balanced against the guests' constitutionally protected rights of privacy.

The Plaintiff is correct that discovery of guests' comments on the condition of the pool and its operations was appropriate.  Chambers v. Loftin, 67 So. 2d 220, 222 (Fla. 1953) (evidence of prior similar accidents admissible to show dangerous

3

character of place and defendant's knowledge of that danger). However, the Plaintiff is incorrect when she argues that she is entitled to discover the names and information of all the survey respondents because the names of potential witnesses are discoverable. It may actually develop that none of the survey respondents are witnesses.

If a survey reveals that the guest stayed at the hotel at the time when the decedent drowned, the identity of the guest would then be discoverable, as in the case of any witness. See <u>Sovereign Healthcare of Port St. Lucie, LLC v. Fernandes</u>, 132 So. 3d 855 (Fla. 4th DCA 2013) (discovery of otherwise-protected client names and contact information is proper where they are witnesses to incident at issue); <u>Delta Health Grp. v. Estate of Collins, 36 So. 3d 711, 712 (Fla. 1st DCA 2010)</u> (finding permissible disclosure of contact information and name of single, potential witness; precluding disclosure of other information).

The Plaintiff is also mistaken when she argues that she can have the information because the guests have no reasonable expectation of privacy in the information, having provided it to the Hotel to make reservations. When a guest makes a reservation, the information provided is not intended for dissemination to any unforeseeable, unknown third party. This is not a knowing waiver of the right to privacy. <u>Berkeley v. Eisen</u>, 699 So. 2d 789 (Fla. 4th DCA 1997).

"[T]he party seeking discovery of confidential information must make a showing of necessity which outweighs the countervailing interest in maintaining the confidentiality of such information." Higgs v. Kampgrounds of Am., 526 So.2d 980, 981 (Fla. 3d DCA 1988); see CAC–Ramsay Health Plans, Inc. v. Johnson, 641 So.2d 434 (Fla. 3d DCA 1994). The Plaintiff has not shown any compelling interest in disclosure of the names and contact information. See Berkeley, 699 So. 2d at 789. Here, as in Berkeley, the non-parties have not waived their privacy rights, nor have they done anything inconsistent with their reasonable expectation of privacy in the information they gave to the Hotel. That information is constitutionally protected. Id. "Privacy rights are protected without sacrificing the ability to discover legitimate information where the trial court redacts from the records all identifying information." Id. at 792.

The trial court departed from the essential requirements of law in ordering the production of the confidential information supplied by guests completing the survey, and there is no adequate remedy on appeal. Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla. 1995). The non-party survey respondents have no remedy by direct appeal, supporting issuance of the writ. Fla. Dep't of Health & Rehab. Servs. v. Myers, 675 So.2d 700, 701 (Fla. 4th DCA 1996).

Conclusion

The petition for certiorari is granted. The order of October 27, 2016, compelling the Hotel to produce the guest survey database with guest names and contact information intact, is quashed.